U.S. Bank N.A. v Hammer (2021 NY Slip Op 01439)





U.S. Bank N.A. v Hammer


2021 NY Slip Op 01439


Decided on March 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2018-05130
 (Index No. 65859/15)

[*1]U.S. Bank National Association, etc., respondent,
v
Barbara Hammer, appellant, et al., defendants.


Law Offices of Mark J. Friedman, P.C. (Thomas J. Frank and Young Law Group, PLLC, Bohemia, NY [Ivan E. Young and Justin F. Pane], of counsel), for appellant.
RAS Boriskin, LLC, Westbury, NY (Joseph F. Battista of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Barbara Hammer appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Westchester County (Lewis J. Lubell, J.), dated October 4, 2018. The order and judgment of foreclosure and sale, upon an order of the same court dated March 27, 2018, granting the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant Barbara Hammer, to strike that defendant's answer, and for an order of reference, and upon an order of the same court, also dated March 27, 2018, among other things, referring the matter to a referee to compute the amount due to the plaintiff, inter alia, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Barbara Hammer, to strike that defendant's answer, and for an order of reference are denied, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, and the orders dated March 27, 2018, are modified accordingly.
In September 2004, the defendant Barbara Hammer (hereinafter the defendant) executed a note in the principal sum of $1,000,000 in favor of Ideal Mortgage Bankers, Ltd. (hereinafter Ideal). The note was secured by a mortgage encumbering certain real property located in Rye. In 2005, Ideal assigned the mortgage to Option One Mortgage Corporation (hereinafter Option One). In April 2009, the defendant entered into a loan modification agreement with Option One's successor in interest, American Home Mortgage Servicing, Inc. (hereinafter AHMS), which, inter alia, modified the unpaid principal balance on the note to $1,007,706.08. The defendant allegedly defaulted by failing to make the monthly payment due on July 1, 2011, and all subsequent payments thereafter. Subsequently, AHMS assigned the mortgage to LaSalle Bank National Association, as trustee for the Structured Asset Investment Loan Trust, 2004-11 (hereinafter LaSalle Bank). In September 2015, the plaintiff, U.S. Bank National Association (hereinafter US Bank), as successor in interest to LaSalle Bank, commenced this action to foreclose the mortgage, alleging, among other things, that the defendant defaulted under the terms of the note and mortgage, and that it had complied with RPAPL 1304. The defendant interposed an answer denying the allegation in the complaint regarding compliance with RPAPL 1304 and asserting as an affirmative defense, among others, noncompliance with that statute.
In October 2017, US Bank moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference. In relevant part, US Bank maintained that it had complied with the notice requirements of RPAPL 1304, and submitted an affidavit from Catherine Ubinas, a contract management coordinator employed by Ocwen Loan Servicing, LLC (hereinafter Ocwen), US Bank's loan servicer, along with copies of an envelope addressed to the defendant bearing a certified mail 20-digit barcode and an envelope bearing a first-class mail postage stamp, and copies of the RPAPL 1304 notices sent to the defendant dated October 2, 2014. The defendant opposed the motion, arguing, among other things, that US Bank's submissions failed to establish, prima facie, its strict compliance with RPAPL 1304. Further, the defendant requested that the Supreme Court search the record and award her summary judgment dismissing the complaint insofar as asserted against her. In reply, US Bank argued that it had not been required to send the defendant a RPAPL 1304 notice because the defendant previously had applied for a loan modification and, in any event, it had complied with the requirements of RPAPL 1304. US Bank submitted, among other things, a signed certified mail return receipt.
In an order dated March 27, 2018, the Supreme Court granted US Bank's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference. In a second order, also dated March 27, 2018, the court granted the same relief and appointed a referee to compute the amount due to the plaintiff. Thereafter, in an order and judgment of foreclosure and sale dated October 4, 2018, upon the orders dated March 27, 2018, the court, among other things, confirmed the referee's report and directed the sale of the property. The defendant appeals.
"[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106; see Wells Fargo Bank, N.A. v Trupia, 150 AD3d 1049, 1050). "The statute requires that such notice . . . be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower" (Wells Fargo Bank, NA v Mandrin, 160 AD3d 1014, 1016 [internal quotation marks omitted]; see RPAPL 1304[2]; Wells Fargo Bank, N.A. v Trupia, 150 AD3d at 1050).
Contrary to the Supreme Court's determination, US Bank was not excused from the requirement that it send notice to the defendant pursuant to RPAPL 1304 because the defendant applied for a loan modification. When the instant action was commenced, RPAPL 1304(3)
provided: "The ninety day period specified in the notice[ ] contained in [RPAPL 1304(1)] shall not apply, or shall cease to apply, if the borrower has filed [an application for the adjustment of debts of the borrower or an order for relief from the payment of debts], or if the borrower no longer occupies the residence as the borrower's principal dwelling" (see L 2008, ch 472, § 2 [eff Sept. 1, 2008]). A loan modification was not an adjustment of debts within the meaning of the version of RPAPL 1304(3) then in effect and, in any event, a lender was relieved only from the requirement to provide notice within the "ninety day period" (RPAPL 1304[3]), not from the requirement to provide the notice specified in RPAPL 1304(1) (see US Bank N.A. v Lawson, 170 AD3d 1068, 1070; see also Marchai Props., L.P. v Fu, 171 AD3d 722, 725).
The mailing required under that statute "'is established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure'" (U.S. Bank N.A. v Ahmed, 174 AD3d 661, 663, quoting Wells Fargo Bank, NA v Mandrin, 160 AD3d at 1016; see Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 21). Here, US Bank failed to establish, prima facie, that it complied with RPAPL 1304. Although Ubinas stated in her affidavit that the RPAPL 1304 notices were mailed by certified and regular first-class mail, and attached copies of those notices, of an envelope addressed to the defendant bearing a certified mail 20-digit barcode, and of an envelope bearing a first-class mail postage stamp, US Bank failed to attach, as exhibits to the motion, any documents to prove that the mailing actually occurred. There is no copy of any United States Post Office document indicating that the notice was sent by registered or certified mail as required by the statute. Further, while Ubinas attested that she had personal knowledge of the record-making practices of Ocwen, and that the 90-day notice was sent in compliance with RPAPL 1304, she did not attest to knowledge of the mailing practices of the Law Offices of McCabe, Weisberg, and [*2]Conway, P.C., the entity that allegedly sent the notices to the defendant on behalf of Ocwen. On appeal, US Bank relies upon the signed certified mail return receipt submitted in reply. The moving party, however, cannot meet its prima facie burden by submitting evidence for the first time in reply (see Arriola v City of New York, 128 AD3d 747, 749), and, in any event, the "article number" on the return receipt is obliterated. Since US Bank failed to provide proof of the actual mailing, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure, US Bank failed to establish its strict compliance with RPAPL 1304 (see Citibank, N.A. v Conti-Scheurer, 172 AD3d at 21-22). Accordingly, the Supreme Court should have denied those branches of US Bank's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference.
Contrary to the defendant's contention, the Supreme Court properly declined to search the record and award her summary judgment dismissing the complaint insofar as asserted against her, as there is no proof in the record affirmatively demonstrating that the condition precedent was not satisfied (see Deutsche Bank Natl. Trust Co. v Spanos, 102 AD3d 909, 911).
DILLON, J.P., LASALLE, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court