Wells Fargo Bank, N.A. v Murray (2022 NY Slip Op 05110)

Wells Fargo Bank, N.A. v Murray

2022 NY Slip Op 05110

Decided on August 31, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 31, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
JOSEPH A. ZAYAS, JJ.

2020-01878
 (Index No. 607842/15)

[*1]Wells Fargo Bank, N.A., etc., respondent,
v
Robyn B. Murray, et al., appellants, et al., defendant.

Harold A. Steuerwald, LLC, Bellport, NY, for appellants.
Stradley Ronon Stevens & Young, LLP, New York, NY (Lijue T. Philip of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a consolidated mortgage, the defendants Robyn B. Murray and Shirley Munnell appeal from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated December 4, 2019. The order and judgment of foreclosure and sale, upon an order of the same court dated March 5, 2019, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Robyn B. Murray and Shirley Munnell, to strike those defendants' answers, and for an order of reference, and upon an order of the same court also dated March 5, 2019, among other things, referring the matter to a referee to compute the amount due to the plaintiff, inter alia, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Robyn B. Murray and Shirley Munnell, to strike those defendants' answers, and for an order of reference are denied, the orders dated March 5, 2019, are modified accordingly, and the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied.
In April 2003, the defendant Robyn B. Murray executed a note (hereinafter the 2003 note) in favor of nonparty Delta Funding Corporation (hereinafter Delta), secured by a mortgage of the same date encumbering certain real property on Fire Island. In May 2004, Murray executed another note in favor of Delta (hereinafter the 2004 note), secured by a second mortgage on the subject property. Also in May 2004, Murray executed a Consolidation, Extension and Modification Agreement (hereinafter CEMA), whereby the unpaid principal balance of the 2003 note, the unpaid principal balance of the 2004 note, and the corresponding mortgages, were consolidated into a single lien in the principal amount of $550,000. The CEMA defined the 2003 note and the 2004 note together as the consolidated note, which was secured by the consolidated mortgage.
In July 2015, the plaintiff commenced this action against Murray and the defendant Shirley Munnell (hereinafter together the defendants), among others, to foreclose the consolidated [*2]mortgage. Murray is alleged to have defaulted in making her monthly mortgage payment due on April 1, 2010, and all payments due thereafter. Munnell is an alleged resident of the subject property.
The defendants each interposed an answer, asserting general denials and affirmative defenses, including, inter alia, that the plaintiff lacked standing. Murray further asserted as affirmative defenses, inter alia, that she was not served with a 90-day pre-foreclosure notice as required by RPAPL 1304, that the plaintiff failed to comply with all of the requirements of RPAPL 1304, that the plaintiff failed to give her notice of her default and an opportunity to cure, and that the plaintiff failed to give her notice of the plaintiff's election to accelerate the remaining balance due on the note and mortgage.
In July 2018, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' respective answers, and for an order of reference. The plaintiff maintained that it complied with RPAPL 1304, and submitted, inter alia, an affidavit from an employee of the plaintiff's loan servicer and attached exhibits, as well an affidavit of mailing from its prior counsel. The defendants together opposed the motion, arguing, inter alia, that the plaintiff's submissions failed to establish, prima facie, the plaintiff's standing. The defendants further contended that the plaintiff's submissions failed to establish the plaintiff's strict compliance with RPAPL 1304, in that it submitted no evidence that the 90-day notice was sent to Murray via first-class mail in accordance with the statute. In reply, the plaintiff submitted an additional affidavit from its prior counsel, with attachments, including copies of envelopes addressed to Murray at the subject property and at her last known address, which bore first-class postage and which were stamped "Return to Sender" presumably by the United States Postal Service.
In an order dated March 5, 2019, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answers, and for an order of reference. In a second order, also dated March 5, 2019, the court granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff. Thereafter, in an order and judgment of foreclosure and sale dated December 4, 2019, the court, upon the orders dated March 5, 2019, among other things, confirmed the referee's report and directed the sale of the subject property. The defendants appeal.
"[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (U.S. Bank N.A. v Hammer, 192 AD3d 846, 847-848 [internal quotation marks omitted]). "The statute requires that such notice . . . be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower" (id. at 848 [internal quotation marks omitted]; see RPAPL 1304[2]; Wells Fargo Bank, NA v Mandrin, 160 AD3d 1014, 1016; Wells Fargo Bank, N.A. v Trupia, 150 AD3d 1049, 1050).
The mailing required under RPAPL 1304 "'is established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure'" (U.S. Bank N.A. v Hammer, 192 AD3d at 848, quoting U.S. Bank N.A. v Ahmed, 174 AD3d 661, 663 [internal quotation marks omitted]; see Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 21).
A party moving for summary judgment generally cannot meet its prima facie burden by submitting evidence for the first time in reply (see U.S. Bank N.A. v Hammer, 192 AD3d at 849; Arriola v City of New York, 128 AD3d 747, 749). "However, there are exceptions to this general rule, including when the evidence is submitted in response to allegations raised for the first time in the opposition papers or when the other party is given an opportunity to respond to the reply papers" (Central Mtge. Co. v Jahnsen, 150 AD3d 661, 664; see Deutsche Bank Natl. Trust Co. v Cole, 168 AD3d 677, 679; Pennachio v Costco Wholesale Corp., 119 AD3d 662, 664).
Here, the affidavits that the plaintiff appended to its moving papers failed to establish that the RPAPL 1304 notices were mailed by first-class mail in accordance with RPAPL 1304. While the plaintiff submitted an additional affidavit in reply, with proof of first-class mailing attached, this evidence should not have been considered in the determination of whether the plaintiff met its prima facie burden, as the issue which the new evidence was intended to address was not an issue raised for the first time in the defendants' opposition, and the defendants were not afforded an opportunity to submit a surreply in response to the plaintiff's newly submitted evidence in reply (see U.S. Bank N.A. v Hammer, 192 AD3d at 849; cf. Central Mtge. Co. v Jahnsen, 150 AD3d at 664). As the plaintiff failed to meet its prima facie burden to establish its strict compliance with RPAPL 1304, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answers, and for an order of reference should have been denied.
Moreover, contrary to the plaintiff's contention, the plaintiff failed to demonstrate, prima facie, its standing in this action through its status as holder of the note at the time the action was commenced. Where, as here, a borrower executes a CEMA providing that the prior notes underlying the mortgage have been consolidated into a new single lien, the plaintiff may establish its standing to commence a mortgage foreclosure action by producing the CEMA and consolidated note, properly endorsed (see Deutsche Bank Natl. Trust Co. v Goldstone, 197 AD3d 1148, 1149). Here, the plaintiff attached to the complaint copies of the 2003 note and 2004 note, which together constituted the consolidated note, and each note was accompanied by an undated purported allonge endorsed to the plaintiff. However, the plaintiff failed to demonstrate that the purported allonges, each of which was on a piece of paper completely separate from the corresponding note, was "so firmly affixed" to the corresponding note "as to become a part thereof," as required by UCC 3-202(2) (Raymond James Bank, NA v Guzzetti, 202 AD3d 841, 843; see Wells Fargo Bank, N.A. v Maleno-Fowler, 194 AD3d 1094, 1095; U.S. Bank N.A. v Moulton, 179 AD3d 734, 738). The affidavit of the plaintiff's loan servicer's employee and the copies of the notes attached thereto which were submitted in support of the plaintiff's motion for summary judgment did not clarify whether the allonges was firmly affixed to the notes (see Nationstar Mtge., LLC v Calomarde, 201 AD3d 940, 942; U.S. Bank N.A. v Moulton, 179 AD3d at 738).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
BARROS, J.P., CHAMBERS, MILLER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court