Merrill Lynch Credit Corp. v Nicholson (2022 NY Slip Op 06239)

Merrill Lynch Credit Corp. v Nicholson

2022 NY Slip Op 06239

Decided on November 9, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
DEBORAH A. DOWLING, JJ.

2018-05753
2018-05754
2019-14379
2019-14381
 (Index No. 9227/12)

[*1]Merrill Lynch Credit Corporation, plaintiff,
v
Yolande Nicholson, appellant, et al., defendants; Bank of America, National Association, nonparty-respondent. (Appeal Nos. 1 and 2.)
Bank of America, National Association, respondent,
v
Yolande Nicholson, appellant, et al., defendants. (Appeal Nos. 3 and 4.)

Law Offices of Robert L. Reda, P.C., Suffern, NY, for appellant.
In an action to foreclose a mortgage, the defendant Yolande Nicholson appeals from (1) an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated January 31, 2018, (2) an order of the same court (Lawrence Knipel, J.) also dated January 31, 2018, (3) an order of the same court (Ingrid Joseph, J.) dated July 26, 2019, and (4) an order and judgment of foreclosure and sale (one paper) of the same court (Ingrid Joseph, J.) dated July 26, 2019. The first order dated January 31, 2018, insofar as appealed from, granted those branches of the motion of Merill Lynch Credit Corporation which were for summary judgment on the complaint insofar as asserted against the defendant Yolande Nicholson, to strike that defendant's answer and affirmative defenses, and for an order of reference. The second order dated January 31, 2018, insofar as appealed from, granted the same relief to Merrill Lynch Credit Corporation and appointed a referee. The order dated July 26, 2019, insofar as appealed from, granted the motion of Bank of America, National Association to confirm a referee's report and for a judgment of foreclosure of sale. The order and judgment of foreclosure and sale, inter alia, confirmed the referee's report and directed the sale of the subject property.

DECISION & ORDER
By order to show cause dated November 24, 2021, the parties to the appeals were directed to show cause before this Court why an order should or should not be made and entered dismissing the appeals from the two orders dated January 31, 2018, on the ground that the right of direct appeal from those orders terminated upon entry of the order and judgment of foreclosure and sale in the action. By decision and order of motion dated March 25, 2022, this Court, inter alia, held the motion to dismiss the appeals from the two orders dated January 31, 2018, in abeyance and referred it to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the order to show cause and the papers filed in response thereto, and upon the submission of the appeals, it is
ORDERED that the motion to dismiss the appeals from the orders dated January 31, 2018, is granted; and it is further,
ORDERED that the appeals from the orders dated January 31, 2018, are dismissed; and it is further,
ORDERED that the appeal from the order dated July 26, 2019, is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, those branches of the motion of Merrill Lynch Credit Corporation which were for summary judgment on the complaint insofar as asserted against the defendant Yolande Nicholson, to strike that defendant's answer and affirmative defenses, and for an order of reference are denied, the motion of Bank of America, National Association to confirm the referee's report and for a judgment of foreclosure and sale is denied as academic, and the orders dated January 31, 2018, and the order dated July 26, 2019, are modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendant Yolande Nicholson.
The appeals from the two orders dated January 31, 2018, and the order dated July 26, 2019, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from the orders dated January 31, 2018, and the order dated July 26, 2019, are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
On May 2, 2012, Merill Lynch Credit Corporation (hereinafter Merrill Lynch) commenced this action against the defendant Yolande Nicholson (hereinafter the defendant), among others, to foreclose a mortgage on residential property in East Flatbush. Thereafter, Merill Lynch moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer and affirmative defenses, for an order of reference, and to amend the caption to substitute Bank of America, National Association (hereinafter BoA), as the plaintiff. In two orders dated January 31, 2018, the Supreme Court, inter alia, granted those branches of Merrill Lynch's motion.
Thereafter, in an order dated July 26, 2019, the Supreme Court, inter alia, granted BoA's motion to confirm the referee's report and for a judgment of foreclosure and sale. On the same date, the court issued an order and judgment of foreclosure and sale, among other things, confirming the referee's report and directing the sale of the subject property. The defendant appeals.
"Generally, in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (JPMorgan Chase Bank, N.A. v Newton, 203 AD3d 902, 906). Here, Merrill Lynch failed to submit admissible evidence establishing the defendant's default. In support of its motion, Merrill Lynch submitted, inter alia, the affidavit of Theresia Ang, the vice president of its loan servicer and attorney-in-fact. However, Ang failed to attach the business records on which she relied, and thus, her averment to the defendant's default was hearsay lacking in probative value (see id. at 906; Citibank, N.A. v Yanling Wu, 199 AD3d 48, 58; Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 208). Although Merrill Lynch attempted to submit evidence of the defendant's default in reply, a moving party "cannot meet its prima facie burden by submitting evidence for the first time in reply" (Emigrant Bank v Cohen, 205 AD3d 103, 112 [internal quotation marks omitted]; see U.S. Bank N.A. v Hammer, 192 AD3d 846, 849).
Additionally, the defendant raised triable issues of fact as to whether Merrill Lynch [*2]strictly complied with RPAPL 1303. RPAPL 1303 requires, inter alia, the party foreclosing a mortgage on residential property to provide the notice prescribed by the statute to any tenant of the property by certified mail, if the identity of the tenant is known to the foreclosing party (see id. § 1303[1][b]; [4]). Proper service of an RPAPL 1303 notice is a condition precedent to commencing a foreclosure action, and the "'foreclosing party has the burden of showing compliance therewith'" (OneWest Bank, FSB v Cook, 204 AD3d 1025, 1026, quoting First Natl. Bank of Chicago v Silver, 73 AD3d 162, 167).
Here, Merrill Lynch failed to submit any evidence that it served any tenant of the subject property with the notices required by RPAPL 1303 by certified mail, or that it was not aware of any tenant's identity. In contrast, the defendant's affidavit and the affidavit of Richard Nicholson, submitted in opposition to Merrill Lynch's motion, established that Richard Nicholson resided at the subject property, that he paid rent, and that the mortgage loan servicer was aware that he resided at the subject property. These affidavits thus raised triable issues of fact as to whether Merrill Lynch was aware of the identity of a tenant at the subject property and failed to comply with RPAPL 1303(4) by sending him the required notice by certified mail.
The defendant's remaining contentions are either without merit or not properly before this Court.
Accordingly, Merrill Lynch failed to meet its prima facie burden, and those branches of its motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer and affirmative defenses, and for an order of reference should have been denied.
BRATHWAITE NELSON, J.P., RIVERA, CHAMBERS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court