Brooklyn Queens Five Funding, LLC v Sewnarine (2023 NY Slip Op 02101)

Brooklyn Queens Five Funding, LLC v Sewnarine

2023 NY Slip Op 02101

Decided on April 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
REINALDO E. RIVERA
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2020-03657
 (Index No. 705103/18)

[*1]Brooklyn Queens Five Funding, LLC, respondent,
v
Dashrath Sewnarine, appellant, et al., defendants.

Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for appellant.
Law Offices of Alan J. Waintraub, PLLC, Kew Gardens, NY, for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Dashrath Sewnarine appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Queens County (Ulysses B. Leverett, J.), entered February 28, 2020. The order and judgment of foreclosure and sale, upon an order of the same court dated May 28, 2019, inter alia, granting those branches of the motion of Flushing Bank, the plaintiff's predecessor in interest, which were for summary judgment on the complaint insofar as asserted against the defendant Dashrath Sewnarine, to strike that defendant's answer, and for an order of reference, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, with costs, those branches of the motion of Flushing Bank which were for summary judgment on the complaint insofar as asserted against the defendant Dashrath Sewnarine, to strike that defendant's answer, and for an order of reference are denied, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, and the order dated May 28, 2019, is modified accordingly.
On April 4, 2018, Flushing Bank (hereinafter Flushing) commenced this action against the defendant Dashrath Sewnarine (hereinafter the defendant), among others, to foreclose a mortgage on commercial property located in Queens. Flushing moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, for an order of reference, and to amend the caption to substitute Brooklyn Queens Five Funding, LLC (hereinafter BQFF), as the plaintiff. In an order dated May 28, 2019, the Supreme Court, inter alia, granted those branches of the motion. Thereafter, in an order and judgment of foreclosure and sale entered February 28, 2020, the court granted BQFF's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property. The defendant appeals.
"'Generally, in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default'" (Merrill Lynch Credit Corp. v Nicholson, 210 AD3d 758, 760, quoting JPMorgan Chase Bank, N.A. v [*2]Newton, 203 AD3d 902, 906). Here, Flushing failed to submit evidence establishing the defendant's default. In support of its motion, Flushing submitted business records, including account statements that showed certain amounts of money owed by the defendant that were not paid. However, Flushing also submitted a reinstatement agreement dated March 9, 2017, which provided that the defendant's monthly payment was modified to be $398.44 after he had paid $96,571.38 to bring his account current. The monthly payment amount set forth in the reinstatement agreement was never reflected in subsequent account statements, which always showed larger monthly minimum payments due. The defendant paid the monthly amount due pursuant to the reinstatement agreement in the months subsequent to April 2017, with the exception of one month that was paid late. Under the circumstances, given the conflicting evidence pertaining to the amount of the monthly payment due, Flushing failed to submit evidence establishing the defendant's default (see Merrill Lynch Credit Corp. v Nicholson, 210 AD3d at 761).
The defendant's remaining contentions need not be reached in light of our determination.
Accordingly, since Flushing failed to meet its prima facie burden, those branches of its motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference should have been denied.
DUFFY, J.P., RIVERA, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court