Wells Fargo Bank, N.A. v Mitselmakher (2023 NY Slip Op 02709)

Wells Fargo Bank, N.A. v Mitselmakher

2023 NY Slip Op 02709

Decided on May 17, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.

2020-08541
 (Index No. 135561/14)

[*1]Wells Fargo Bank, N.A., respondent,
v
Sofia Mitselmakher, et al., defendants, Adam Plotch, appellant.

Rosenberg, Fortuna & Laitman, LLP, Garden City, NY (Anthony R. Filosa of counsel), for appellant.
Reed Smith, LLP, New York, NY (Andrew B. Messite, Kerren B. Zinner, and Yimel Suarez of counsel), for respondent.

DECISION & ORDER
In a consolidated action to foreclose a mortgage, the defendant Adam Plotch appeals from an order of the Supreme Court, Richmond County (Thomas P. Aliotta, J.), dated September 28, 2020. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Adam Plotch and for an order of reference.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Adam Plotch and for an order of reference are denied.
In 2014, the plaintiff commenced an action against the defendant Adam Plotch, among others, to foreclose a consolidated mortgage securing a condominium unit located in Staten Island (hereinafter the 2014 action). The 2014 action was consolidated with an action commenced by the plaintiff against Plotch in 2015 (hereinafter the 2015 action), relating to the same consolidated mortgage, in which Plotch interposed an answer asserting, inter alia, an affirmative defense based on the plaintiff's lack of standing.
In January 2020, the plaintiff moved in the consolidated action, among other things, for summary judgment on the complaint insofar as asserted against Plotch and for an order of reference. Plotch opposed the motion. In an order dated September 28, 2020, the Supreme Court, inter alia, granted those branches of the plaintiff's motion. Plotch appeals.
"Generally, in a mortgage foreclosure action, a plaintiff demonstrates its prima facie entitlement to judgment as a matter of law by producing the mortgage, the unpaid note, and evidence of default" (Deutsche Bank Natl. Trust Co. v Kingsbury, 171 AD3d 871, 871; see HSBC Bank USA, N.A. v Oscar, 161 AD3d 1055, 1056). Where, as here, the plaintiff's standing has been placed in issue by the defendant's answer, "the plaintiff must prove its standing as part of its prima facie showing on a motion for summary judgment" (Deutsche Bank Natl. Trust Co. v Kingsbury, 171 AD3d at 872). "[A] plaintiff may demonstrate its standing in a foreclosure action through proof that it was in possession of the subject note endorsed in blank, or the subject note and a firmly affixed [*2]allonge endorsed in blank, at the time of commencement of the action" (US Bank Trust, N.A. v Loring, 193 AD3d 1101, 1103; see US Bank N.A. v Okoye-Oyibo, 213AD3d 718, 720).
Here, the plaintiff failed to make a prima facie showing that it had standing to commence this action. Pursuant to UCC 3-202(2), "[a]n indorsement must be written by or on behalf of the holder and on the instrument or on a paper so firmly affixed thereto as to become a part thereof" (HSBC Bank USA, N.A. v Roumiantseva, 130 AD3d 983, 985 [internal quotation marks omitted]). The plaintiff attached to the complaint in the 2015 action a copy of the consolidated note and an allonge, endorsed in blank by "Federal Deposit Insurance Corporation As Receiver of AmTrust Bank fka Ohio Savings Bank." However, the plaintiff did not demonstrate that the purported allonge, which was on a piece of paper completely separate from the note, "was so firmly affixed thereto as to become a part thereof, as required by UCC 3-202(2)" (Raymond James Bank, NA v Guzzetti, 202 AD3d 841, 843 [internal quotation marks omitted]; see US Bank N.A. v Okoye-Oyibo, 213 AD3d at 720; Hudson City Sav. Bank v Ellia, 210 AD3d 750, 752).
Affidavits of a vice president of loan documentation for the plaintiff and an employee of the plaintiff's attorneys, submitted in support of the plaintiff's motion, were also insufficient to demonstrate the plaintiff's compliance with UCC 3-202(2) (see LNV Corp. v Allison, 206 AD3d 710, 712). Although the vice president of loan documentation attested in her affidavit, based on her review of the plaintiff's business records, that an allonge containing an endorsement in blank by "Federal Deposit Insurance Corporation As Receiver of AmTrust Bank fka Ohio Savings Bank" was attached to the consolidated note, she did not aver that the allonge was "firmly affixed" to the consolidated note within the meaning of UCC 3-202(2). "Although the foundation for the admission of a business record may be provided by the testimony of the custodian, it is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted" (Bank of N.Y. Mellon Trust Co., N.A. v Andersen, 209 AD3d 817, 820). Moreover, the affidavit was sworn to on January 9, 2020, subsequent to the commencement of this action, and the affiant did not state when she reviewed the copy of the note and the allonge. Thus, her affidavit was insufficient to establish, prima facie, that the allonge was "so firmly affixed [to the consolidated note] as to become a part thereof" (UCC 3-202[2]) at the time of commencement of either the 2014 action or the 2015 action (see Nationstar Mtge., LLC v Calomarde, 201 AD3d 940, 942). Nor did the affidavit of the employee of the plaintiff's attorneys establish compliance with the requirements of UCC 3-202(2), as it made no reference to an allonge to the consolidated note.
Affidavits submitted by the plaintiff with its reply papers, asserting that the allonge was attached to the consolidated note at the time of commencement of the 2015 action, should not have been considered by the Supreme Court, since a party moving for summary judgment "cannot meet its prima facie burden by submitting evidence for the first time in reply" (Deutsche Bank Natl. Trust Co. v Adlerstein, 171 AD3d 868, 870 [internal quotation marks omitted]).
Accordingly, since the plaintiff failed to make a prima facie showing that it had standing to commence this action, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Plotch and for an order of reference, without regard to the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Plotch's remaining contentions are without merit.
DUFFY, J.P., CHAMBERS, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court