U.S. Bank N.A. v Duvivier (2023 NY Slip Op 03496)

U.S. Bank N.A. v Duvivier

2023 NY Slip Op 03496

Decided on June 28, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
CHERYL E. CHAMBERS
PAUL WOOTEN, JJ.

2020-05491
 (Index No. 508148/17)

[*1]U.S. Bank National Association, etc., respondent,
v
Henry Duvivier, etc., et al., defendants, Jerome St Realty, Inc., appellant.

Avinoam Rosenfeld, Lawrence, NY, for appellant.
Gross Polowy, LLC (Reed Smith LLP, New York, NY [Andrew B. Messite and James N. Faller], of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Jerome St Realty, Inc., appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated February 25, 2020. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Jerome St Realty, Inc., to strike that defendant's answer, and for an order of reference.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Jerome St Realty, Inc., to strike that defendant's answer, and for an order of reference are denied.
On March 21, 2006, the defendants Henry Duvivier and Junon Duvivier (hereinafter together the Duviviers) executed a note in the amount of $592,000 in favor of Mortgage Lenders Network USA, Inc. (hereinafter Mortgage Lenders). The note was secured by a mortgage on certain real property located in Brooklyn.
In April 2017, the plaintiff commenced this action to foreclose the mortgage against the Duviviers and the defendant Jerome St Realty Inc. (hereinafter Jerome), among others. The complaint alleged that Jerome may have an interest encumbering the property. The plaintiff attached a copy of the note to the complaint. The note was followed by a page that contains an undated endorsement from Mortgage Lenders to EMAX Financial Group, LLC (hereinafter EMAX), and is otherwise blank. That page was followed by a page labeled "ALLONGE TO PROMISSORY NOTE," which contains an undated endorsement from EMAX to Residential Funding Corporation (hereinafter Residential Funding), and another undated endorsement from Residential Funding to the plaintiff. In its answer, Jerome alleged, inter alia, that the plaintiff lacked standing.
The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against Jerome, to strike Jerome's answer, and for an order of reference. In support, the plaintiff submitted an affidavit from Richard L. Penno, a vice president of loan documentation for Wells Fargo Bank, N.A. (hereinafter Wells Fargo), the plaintiff's loan servicer. Penno stated that [*2]he was familiar with Wells Fargo's records and record-keeping practices. He also stated that "[a] certification review indicates that the custodial department reviewed the collateral file and confirmed that the original note was endorsed as required."
In an order dated February 25, 2020, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Jerome, to strike Jerome's answer, and for an order of reference. Jerome appeals.
The Supreme Court erred in granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Jerome, to strike Jerome's answer, and for an order of reference because the plaintiff failed to establish, prima facie, that it had standing to commence the action. A plaintiff has standing to commence a mortgage foreclosure action when it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362). The plaintiff can establish standing by attaching a properly endorsed note to the complaint when commencing the action (see U.S. Bank N.A. v Hadar, 206 AD3d 688, 689). However, where an endorsement is on an allonge to the note, the plaintiff must establish that the allonge was "so firmly affixed to the note so as to become a part thereof" pursuant to UCC 3-202(2) at the time the action was commenced (U.S. Bank N.A. v Moulton, 179 AD3d 734, 737). "Where there is no allonge or note that is either endorsed in blank or specially endorsed to the plaintiff, mere physical possession of a note at the commencement of a foreclosure action is insufficient to confer standing or to make a plaintiff the lawful holder of a negotiable instrument for the purposes of enforcing the note" (id. at 737).
Here, the plaintiff's submissions failed to eliminate triable issues of fact as to whether the allonges were so firmly affixed to the note as to become a part thereof (see HSBC Bank USA, N.A. v Herod, 203 AD3d 805). Penno's affidavit did not clarify whether the allonges were firmly affixed to the note (see Wells Fargo Bank, N.A. v Murray, 208 AD3d 924, 928).
The parties' remaining contentions either need not be reached in light of our determination or are not properly before us.
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Jerome, to strike Jerome's answer, and for an order of reference.
DILLON, J.P., CONNOLLY, CHAMBERS and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court