Lakeview Loan Servicing, LLC v Florio (2024 NY Slip Op 04256)

Lakeview Loan Servicing, LLC v Florio

2024 NY Slip Op 04256

Decided on August 21, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 21, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
LAURENCE L. LOVE, JJ.

2022-07463
 (Index No. 603397/19)

[*1]Lakeview Loan Servicing, LLC, respondent,
v
John Florio, Jr., appellant, et al., defendants.

Stim & Warmuth, P.C., Farmingville, NY (Glenn P. Warmuth of counsel), for appellant.
Troutman Pepper Hamilton Sanders LLP, New York, NY (Joseph M. DeFazio of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant John Florio, Jr., appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), entered August 19, 2022. The order and judgment of foreclosure and sale, upon two orders of the same court, both dated December 22, 2021, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant John Florio, Jr., to strike his answer, and for an order of reference, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, with costs, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant John Florio, Jr., to strike his answer, and for an order of reference are denied, and the orders dated December 22, 2021, are modified accordingly.
The plaintiff commenced this action against the defendant John Florio, Jr. (hereinafter the defendant), among others, to foreclose a mortgage on certain real property located in Mount Sinai. The defendant interposed an answer asserting various affirmative defenses, including lack of standing. The plaintiff subsequently moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference. The defendant opposed the motion, contending that the plaintiff failed to demonstrate its standing to commence the action. By order dated December 22, 2021, the Supreme Court, among other things, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference. On the same date, the court issued an order, inter alia, granting the same relief to the plaintiff, striking the defendant's answer, and appointing a referee to compute the amount due to the plaintiff. In a related appeal (see Lakeview Loan Servicing, LLC v Florio, ____ AD3d ____ [Appellate Division Docket No. 2022-01212; decided herewith]), the defendant appealed from the two orders dated December 22, 2021.
Thereafter, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. The defendant opposed the motion. By order and judgment of foreclosure and sale entered August 19, 2022, the Supreme Court granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property. The defendant appeals.
The appeals from the orders dated December 22, 2021, were dismissed in a related appeal pursuant to Matter of Aho (39 NY2d 241, 248), on the ground that the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale (see Lakeview Loan Servicing, LLC v Florio, ____ AD3d ____ [Appellate Division Docket No. 2022-01212). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
Where, as here, the plaintiff's standing has been placed in issue by a defendant's answer, the plaintiff must prove its standing as part of its prima facie showing on a motion for summary judgment (see Nationstar Mtge., LLC v Shivers, 179 AD3d 931, 932). A plaintiff has standing to maintain a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (Dyer Trust 2012-1 v Global World Realty, Inc., 140 AD3d 827, 828). "A plaintiff may establish, prima facie, its standing as the holder of the note by demonstrating that a copy of the note, including an endorsement in blank, was among the exhibits annexed to the complaint at the time the action was commenced" (JPMorgan Chase Bank, N.A. v Grennan, 175 AD3d 1513, 1515; see U.S. Bank N.A. v Fisher, 169 AD3d 1089, 1090-1091). "A promissory note [is] a negotiable instrument within the meaning of the Uniform Commercial Code" (JPMorgan Chase Bank, N.A. v Grennan, 175 AD3d at 1515 [internal quotation marks omitted]; see UCC 3-104[2][d]). A "holder" is "the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession" (UCC 1-201[b][21][A]; see 3-301; JPMorgan Chase Bank, N.A. v Grennan, 175 AD3d at 1515). Where an instrument is endorsed in blank, it may be negotiated by delivery (see UCC 3-202[1]; 3-204[2]; JPMorgan Chase Bank, N.A. v Grennan, 175 AD3d at 1515). "An indorsement must be . . . on the instrument or on a paper so firmly affixed thereto as to become a part thereof" (UCC 3-202[2]).
Here, the plaintiff failed to make a prima facie showing that it had standing to commence the action. Although the plaintiff attached a copy of the note and a purported allonge endorsed in blank to the complaint, the plaintiff failed to demonstrate that the purported allonge "was so firmly affixed [to the note] as to become a part thereof, as required by UCC 3-202(2)" (Wells Fargo Bank, N.A. v Mitselmakher, 216 AD3d 1056, 1058 [internal quotation marks omitted]). Moreover, an affidavit of an assistant secretary of the plaintiff's servicer/attorney-in-fact, submitted in support of the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference, was also insufficient to demonstrate the plaintiff's compliance with UCC 3-302(2), as it was bereft of any reference to the purported allonge (see Wells Fargo Bank, N.A. v Mitselmakher, 216 AD3d at 1058).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference.
DUFFY, J.P., CHRISTOPHER, FORD and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court