U.S. Bank Trust N.A. v McAllister

2026 NY Slip Op 03017

May 13, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

U.S. Bank Trust National Association, etc., appellant,

v

Leone McAllister, etc., respondent, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 13, 2026

2024-09421, (Index No. 705711/23)

Lara J. Genovesi, J.P.

Linda Christopher

Lillian Wan

Donna-Marie E. Golia, JJ.

Friedman Vartolo LLP, Garden City, NY (Stephen J. Vargas of counsel), for appellant.

Jonathan S. Koren, P.C., Brooklyn, NY, for respondent.

[*1]

DECISION & ORDER

In an action, inter alia, to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), dated June 27, 2024. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Leone McAllister, to strike that defendant's affirmative defenses alleging lack of standing and failure to comply with RPAPL 1303, for an order of reference, and to vacate an allegedly erroneous satisfaction of mortgage recorded against the subject property.

ORDERED that the order is affirmed insofar as appealed from, with costs.

In March 2004, the defendant Leone McAllister (hereinafter the defendant) executed a note in the sum of $300,000 in favor of Aames Funding Corporation. The note was secured by a mortgage (hereinafter the first mortgage) on certain residential property located in Jamaica (hereinafter the premises). Thereafter, the mortgage was assigned to American Home Mortgage (hereinafter AHM).

In March 2007, the defendant executed a second note in the sum of $163,138.16 in favor of AHM, which was secured by a second mortgage on the premises. Also in March 2007, the defendant executed a consolidation, extension, and modification agreement pursuant to which the first and second notes and mortgages were consolidated to form a single lien in the sum of $452,000. At the same time, the defendant executed a consolidated note and a consolidated mortgage. Thereafter, the defendant executed loan modification agreements in May 2015 and August 2017. The defendant allegedly defaulted under the terms of the consolidated loan by failing to make the monthly payments due in July 2018, and thereafter. By assignment of mortgage in August 2021, the consolidated mortgage was assigned to the plaintiff, U.S. Bank Trust National Association.

In March 2023, the plaintiff commenced this action against the defendant, among others, inter alia, to foreclose the consolidated mortgage and to vacate an allegedly erroneous [*2]satisfaction of mortgage, purporting to discharge the first mortgage, that was recorded against the premises in August 2007. The defendant interposed an answer, asserting as affirmative defenses, among other things, that the plaintiff lacked standing and failed to comply with RPAPL 1303.

In September 2023, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's affirmative defenses alleging lack of standing and failure to comply with RPAPL 1303, for an order of reference, and to vacate the allegedly erroneous satisfaction of mortgage. In an order dated June 27, 2024, the Supreme Court, among other things, denied those branches of the plaintiff's motion. The plaintiff appeals.

"Generally, in a mortgage foreclosure action, a plaintiff demonstrates its prima facie entitlement to judgment as a matter of law by producing the mortgage, the unpaid note, and evidence of default" (Deutsche Bank Natl. Trust Co. v Kingsbury, 171 AD3d 871, 871; see Wells Fargo Bank, N.A. v Mitselmakher, 216 AD3d 1056, 1057; HSBC Bank USA, N.A. v Oscar, 161 AD3d 1055, 1056). Where, as here, the plaintiff's standing has been placed in issue by the defendant's answer, "the plaintiff must prove its standing as part of its prima facie showing on a motion for summary judgment" (Deutsche Bank Natl. Trust Co. v Kingsbury, 171 AD3d at 872; see Wells Fargo Bank, N.A. v Mitselmakher, 216 AD3d at 1057). "[A] plaintiff may demonstrate its standing in a foreclosure action through proof that it was in possession of the subject note endorsed in blank, or the subject note and a firmly affixed allonge endorsed in blank, at the time of commencement of the action" (US Bank Trust, N.A. v Loring, 193 AD3d 1101, 1103; see Wells Fargo Bank, N.A. v Mitselmakher, 216 AD3d at 1057; US Bank N.A. v Okoye-Oyibo, 213 AD3d 718, 720).

Here, the plaintiff failed to establish, prima facie, its standing to commence the action. In support of its motion, the plaintiff submitted a copy of the complaint, annexed to which was a copy of the consolidated note and an allonge. The signature page of the consolidated note contains two stamped endorsements in blank by AHM, the lender, but one is marked void and the other is marked cancelled. The allonge, on a separate piece of paper, contains an endorsement in blank by AHM. However, the plaintiff did not demonstrate that the allonge was "so firmly affixed" to the consolidated note "as to become a part thereof," as required by UCC 3-202(2) (see U.S. Bank N.A. v Muroff, 234 AD3d 1010, 1012-1013; Lakeview Loan Servicing, LLC v Florio, 230 AD3d 665, 668; US Bank N.A. v Okoye-Oyibo, 213 AD3d at 720). The copy of the allonge contains no markings indicating that it was ever affixed to the consolidated note. Moreover, contrary to the plaintiff's contention, an affidavit of Sarah Higlen, an employee of the plaintiff's loan servicer, which was submitted in support of the motion, was insufficient to demonstrate the plaintiff's compliance with UCC 3-202(2) at the time the action was commenced (see U.S. Bank N.A. v Duvivier, 217 AD3d 994, 996; Wells Fargo Bank, N.A. v Murray, 208 AD3d 924, 928).

RPAPL 1303 requires that a notice titled "Help for Homeowners in Foreclosure" be delivered to the mortgagor along with the summons and complaint in residential foreclosure actions involving owner-occupied, one- to four-family dwellings (see id. §§ 1303[1], [3]; US Bank N.A. v Nelson, 169 AD3d 110, 118, affd 36 NY3d 998). The statute mandates that the notice be in bold, 14-point type and printed on colored paper that is other than the color of the summons and complaint, and that the title of the notice be in bold, 20-point type (see RPAPL 1303[2]). The plaintiff has the burden of showing compliance with the statute (see Bank of N.Y. Mellon v McCaffrey, 207 AD3d 614, 617; U.S. Bank N.A. v Ahmed, 174 AD3d 661, 664).

Here, the plaintiff failed to establish, prima facie, its compliance with RPAPL 1303. The plaintiff's submissions, including the process server's affidavit of service, did not demonstrate that the notice served upon the defendant complied with the type-size requirements in RPAPL 1303 (see Federal Natl. Mtge. Assn. v Raja, 211 AD3d 692, 697; Bank of Am., N.A. v Keefer, 204 AD3d 970, 971-972). Contrary to the plaintiff's contention, the Supreme Court did not improperly determine this issue on a ground not raised by the parties (see Misicki v Caradonna, 12 NY3d 511, 519).

Accordingly, the Supreme Court properly denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's affirmative defenses alleging lack of standing and failure to comply with RPAPL 1303, and for an order of reference.

"A mortgagee may have an erroneous discharge of mortgage, without concomitant satisfaction of the underlying mortgage debt, set aside, and have the mortgage reinstated where there has not been detrimental reliance on the erroneous recording" (New York Community Bank v Vermonty, 68 AD3d 1074, 1076; see Bank of Am., N.A. v Reed, 239 AD3d 800, 803; Wells Fargo Bank, N.A. v Douglas, 186 AD3d 532, 534). The plaintiff failed to meet its prima facie burden on that branch of its motion which was to vacate the satisfaction of mortgage purporting to discharge the first mortgage. The plaintiff alleged in the complaint that the first mortgage in the sum of $300,000 was "erroneously discharged of record," by the recording of the satisfaction of mortgage in August 2007, and that the first mortgage had "never been satisfied." The plaintiff's evidence in support of its motion, namely, Higlen's affidavit, failed to establish that the first mortgage had not been paid and that the satisfaction of mortgage was therefore erroneously issued. Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was to vacate the satisfaction of mortgage (see Bank of Am., N.A. v Reed, 239 AD3d at 803).

The plaintiff's remaining contention is raised for the first time on appeal, and we decline to consider it (see LNV Corp. v Allison, 206 AD3d 710, 714; Wells Fargo Bank v Islam, 174 AD3d 670, 671-672).

GENOVESI, J.P., CHRISTOPHER, WAN and GOLIA, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court