■ DEUTSCHE BANK NATIONAL TRUST COMPANY, Respondent, v FRANK A. ROMANO, Appellant, et al., Defendants. [48 NYS3d 237]—

In an action to foreclose a mortgage, the defendant Frank A. Romano appeals (1) from an order of the Supreme Court, Suffolk County (Spinner, J.), dated May 13, 2014, and (2), as limited by his brief, from so much of an order of the same court, also dated May 13, 2014, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against him, to strike his answer, and to appoint a referee to compute the amount due and owing under the mortgage.

Ordered that the appeal from the first order dated May 13, 2014, is dismissed, as that order was superseded by the second order dated May 13, 2014; and it is further,

Ordered that the second order dated May 13, 2014, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff payable by the defendant Frank A. Romano.

"Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (*Plaza Equities, LLC v Lamberti*, 118 AD3d 688, 689 [2014]; *see LaSalle Bank, N.A. v Zaks*, 138 AD3d 788 [2016]; *MLCFC 2007-9 Mixed Astoria, LLC v 36-02 35th Ave. Dev., LLC*, 116 AD3d 745, 746 [2014]). "Where, as here, the plaintiff's standing has been placed in issue by the defendant's answer, the plaintiff also must prove its standing as part of its prima facie showing" (*LaSalle Bank, N.A. v Zaks*, 138 AD3d at 788; *see Aurora Loan Servs., LLC v Mercius*, 138 AD3d 650, 651 [2016]). "In a foreclosure action, a plaintiff has standing if it is either the holder or assignee of the underlying note at the time the action was commenced" (*LaSalle Bank, N.A. v Zaks*, 138 AD3d at 788; *see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 361-362 [2015]; *U.S. Bank N.A. v Handler*, 140 AD3d 948, 949 [2016]). "A plaintiff may demonstrate that it is the holder or assignee of the underlying note 'by showing either a written assignment of the underlying note or the physical delivery of the note' " (*Aurora Loan Servs., LLC v Mercius*, 138 AD3d at 651, quoting *U.S. Bank N.A. v Guy*, 125 AD3d 845, 846-847 [2015]).

In support of its motion for summary judgment, the plaintiff established its prima facie entitlement to judgment as a matter of law by producing the note, the mortgage, and proof of the defendant Frank A. Romano's default (*see Plaza Equities, LLC v Lamberti*, 118 AD3d at 689). Further, the plaintiff established

that it had standing at the time of the commencement of the action by virtue of a written assignment of the mortgage and the underlying debt from the original lender, Home Loan Investment Bank, F.S.B., formerly known as Ocean Bank, F.S.B, to the plaintiff. "[T]he transfer of the mortgage without the debt is a nullity, and no interest is acquired by it, because a mortgage is merely security for a debt or other obligation and cannot exist independently of the debt or obligation" (*Citibank, N.A. v Herman*, 125 AD3d 587, 588 [2015] [citations omitted]; *see Bank of N.Y. v Silverberg*, 86 AD3d 274, 280 [2011]; *Kluge v Fugazy*, 145 AD2d 537, 538 [1988]). "[T]he foreclosure of a mortgage cannot be pursued by one who has no demonstrated right to the debt" (*Bank of N.Y. v Silverberg*, 86 AD3d at 280). Here, however, in addition to assigning the mortgage, the assignment explicitly transferred "all moneys now owing or that may hereafter become due or owing in respect thereof, and the full benefit of all the powers· and of all the covenants and provisos therein contained," which language was "broad enough to transfer the interest in the mortgage as well as the underlying debt" (*Chase Home Fin., LLC v Miciotta*, 101 AD3d 1307, 1307-1308 [2012]; *see U.S. Bank N.A. v Akande*, 136 AD3d 887, 889 [2016]). "[N]o special form or language is necessary to effect an assignment as long as the language shows the intention of the owner of a right to transfer it" (*Bank of N.Y. v Silverberg*, 86 AD3d at 280-281 [internal quotation marks omitted]; *see U.S. Bank N.A. v Akande*, 136 AD3d at 889). Indeed, "in the absence of statute or a contract provision to the contrary, there are no prescribed formalities that must be observed to make an effective assignment. It is sufficient if the assignor has, in some fashion, *manifested an intention to make a present transfer of his rights to the assignee*" (9-47 Corbin on Contracts § 47.7 [emphasis added]).

Additionally, under the circumstances of this case, the typographical error in the assignment with respect to the name of the plaintiff's trust beneficiary did not vitiate the plaintiff's standing to enforce the note and mortgage (*see Barnaba Realty Group, LLC v Solomon*, 121 AD3d 730, 731 [2014]; *cf. Wells Fargo, N.A. v Savinetti*, 116 AD3d 765, 765-766 [2014]).

In opposition, Romano failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment against Romano, to strike his answer, and to appoint a referee to compute the amount due and owing under the mortgage. Chambers, J.P., Hall, Miller and Connolly, JJ., concur.