U.S. Bank N.A. v Moulton (2020 NY Slip Op 00171)





U.S. Bank N.A. v Moulton


2020 NY Slip Op 00171


Decided on January 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2016-12152
2016-12153
2017-04288
 (Index No. 63737/14)

[*1]U.S. Bank National Association, respondent,
v
Charles Moulton, etc., et al., appellants, et al., defendants.


Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP, Lake Success, NY (Christopher A. Gorman of counsel), for appellants.
Rosicki, Rosicki & Associates P.C., Plainviw, NY (Jessica L. Bookstaver of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Charles Moulton and Deborah Moulton appeal from (1) stated portions of an order of the Supreme Court, Suffolk County (Howard H. Heckman Jr., J.), dated October 17, 2016, (2) stated portions of an order of the same court also dated October 17, 2016, and (3) stated portions of an order of the same court dated March 23, 2017. The first order dated October 17, 2016, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Charles Moulton and Deborah Moulton, to strike those defendants' answer, and for an order of reference. The second order dated October 17, 2016, insofar as appealed from, granted those same branches of the plaintiff's motion and appointed a referee to compute the amount due to the plaintiff. The order dated March 23, 2017, insofar as appealed from, in effect, upon renewal, adhered to the determination in the orders dated October 17, 2016, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Charles Moulton and Deborah Moulton, to strike those defendants' answer, and for an order of reference.
ORDERED that the orders dated October 17, 2016, are reversed insofar as appealed from, on the law, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Charles Moulton and Deborah Moulton, to strike those defendants' answer, and for an order of reference are denied, and the order dated March 23, 2017, is vacated; and it is further,
ORDERED that the appeal from the order dated March 23, 2017, is dismissed as academic in light of our determination on the appeals from the orders dated October 17, 2016; and it is further;
ORDERED that one bill of costs is awarded to the defendants Charles Moulton and Deborah Moulton.
In May 2014, the plaintiff commenced this action to foreclose a mortgage, alleging that the defendants Charles Moulton and Deborah Moulton (hereinafter together the defendants) executed a mortgage against certain real property in Southhampton, securing a loan in the principal sum of $1,705,000. The plaintiff alleged that the defendants breached the terms of the note and mortgage by failing to make the required monthly payment on October 1, 2011, and all subsequent monthly payments. Thereafter, the defendants joined issue by verified answer, raising, inter alia, the affirmative defenses of lack of standing and failure to comply with the notice requirements of RPAPL 1304.
In January 2015, the plaintiff moved, among other things, for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' answer, and for an order of reference. The defendants opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against them. In an order dated October 17, 2016, the court granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants answer, and for an order of reference, and denied the defendants' cross motion for summary judgment dismissing the complaint insofar as asserted against them. The court, in a second order dated October 17, 2016, insofar as appealed from, granted the same branches of the plaintiff's motion and appointed a referee to compute the amount due to the plaintiff. Thereafter, in an order dated March 23, 2017, the court, in effect, granted the defendants' motion for leave to renew their opposition to the plaintiff's prior motion and, upon renewal, adhered to its original determination. The defendants appeal.
In a mortgage foreclosure action, a plaintiff seeking summary judgment must demonstrate its prima facie entitlement to judgment as a matter of law by producing the mortgage, the unpaid note, and evidence of default (see Aurora Loan Servs., LLC v Vrionedes, 167 AD3d 829, 830; Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 684). Where, as here, the plaintiff's standing has been placed in issue by the defendant's answer, the plaintiff must prove its standing as part of its prima facie showing on a motion for summary judgment (see Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d at 684; Homecomings Fin., LLC v Guldi, 108 AD3d 506, 508).
The plaintiff failed to establish, prima facie, its status as a holder of the note at the time the action was commenced. "A holder' is the person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession'" (Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d at 684, quoting UCC 1-210[b][21]).
Pursuant to article 3 of the Uniform Commercial Code, a note can be endorsed, or signed over, to a new owner. A note can also be endorsed in blank, naming no specific payee, which makes it a bearer instrument under article 3 of the Uniform Commercial Code, so that any party that possesses the note has the legal authority to enforce it (see UCC 3-202[1]; 3-204[2]; Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d at 685). If the endorsement is not on the note itself, it must be on an allonge (see McCormack v Maloney, 160 AD3d 1098, 1099), which is an additional piece of paper firmly attached to a note to provide room to write endorsements (see UCC 3-202[2]). An allonge may be needed when there is insufficient space on the document itself for the endorsements; as long as the allonge remains firmly affixed to the note, it becomes a part of the note (see UCC 3-202[2]). Thus, the physical delivery of a note which has an allonge endorsed in blank firmly affixed to it prior to the commencement of the foreclosure action is sufficient to transfer the obligation to the new payee (see U.S. Bank N.A. v Guy, 125 AD3d 845, 846-847), and the mortgage passes with the debt as an inseparable incident (see Citibank N.A. v Herman, 125 AD3d 587, 588). Where there is no allonge or note that is either endorsed in blank or specially endorsed to the plaintiff, mere physical possession of a note at the commencement of a foreclosure action is insufficient to confer standing or to make a plaintiff the lawful holder of a negotiable instrument for the purposes of enforcing the note (see McCormack v Maloney, 160 AD3d at 1100).
Here, the plaintiff failed to show that the note was properly endorsed and thus validly transferred to it (see HSBC Bank USA, N.A. v Roumiantseva, 130 AD3d 983, 984-985; Slutsky v Blooming Grove Inn, 147 AD2d 208, 211-212). The note itself provides that it is payable to Chevy [*2]Chase Bank, F.S.B., not the plaintiff. In the record on appeal, the piece of paper immediately following the copy of the note contains only a purported endorsement specially endorsed to the plaintiff by Chevy Chase Bank, F.S.B. This page is not referred to at all in the affidavit of Michelle Crampton, an officer at Specialized Loan Servicing, LLC, servicer for the plaintiff (hereinafter the loan servicer), or any other evidence submitted in support of the plaintiff's motion. Although the affirmation of the plaintiff's counsel refers to the document as an endorsement, and states that the note is specially endorsed to the plaintiff, the document does not meet the Uniform Commercial Code requirements necessary to constitute an allonge containing an endorsement, since no evidence was submitted to indicate that the paper containing the purported endorsement was so firmly affixed to the note so as to become a part thereof, as required under UCC 3-202(2) (see HSBC Bank USA, N.A. v Roumiantseva, 130 AD3d at 984-985; see also One Westbank FSB v Rodriguez, 161 AD3d 715, 716). The last page of the note indicates that it is page 5 of 5 and has sufficient white space on the page to fit an endorsement; the purported allonge, which is undated, contains no pagination or writing in any way to demonstrate its connection to the note or that it was firmly affixed thereto. The affidavits of the plaintiff's counsel and the plaintiff's loan servicer, submitted in support of the plaintiff's motion, also fail to indicate that the purported allonge is connected to the note or that it was firmly affixed thereto. Thus, this so-called allonge fails to meet the legal requirements of an allonge (see UCC 3-202[2]), and is not connected to the note by any admissible evidence, and cannot serve as an evidentiary basis for summary judgment (see Aurora Loan Servs., LLC v Mercius, 138 AD3d 650, 651-652; see generally Arma Textile Printers v Spectrachem, Inc., 254 AD2d 382, 382-383). Since the plaintiff failed to establish, prima facie, its standing, summary judgment should have been denied (see Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d at 685-686; Aurora Loan Servs., LLC v Mercius, 138 AD3d at 651-652), regardless of the sufficiency of the opposing papers (see Bank of Am., N.A. v Bittle, 168 AD3d 656, 658; Wells Fargo Bank, N.A. v Lewczuk, 153 AD3d 890, 892).
In addition, the plaintiff also failed to submit admissible evidence of the defendants' default in making the mortgage payments due under the terms of the note and mortgage (see Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 208-211). A plaintiff may establish a payment default by an admission made in response to a notice to admit (see CPLR 3212[b]; 3123), by an affidavit from " a person having [personal] knowledge of the facts' (CPLR 3212[b]), or by other evidence in admissible form'" (Bank of NY Mellon v Gordon, 171 AD3d at 208, quoting Viviane Etienne Med. Care, P.C. v. Country-Wide Ins. Co., 25 NY3d 498, 507). To establish a foundation for the admission of a record under the business record exception to the hearsay rule, the proponent of the record must satisfy the requirements identified in CPLR 4518(a). "There is no requirement that a plaintiff in a foreclosure action rely on any particular set of business records to establish a prima facie case, so long as the plaintiff satisfies the admissibility requirements of CPLR 4518(a), and the records themselves actually evince the facts for which they are relied upon" (Citigroup v Kopelowitz, 147 AD3d 1014, 1015; see HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822, 826). Here, the loan servicer attested to her familiarity with her employer's record-keeping practices and procedures, and this was sufficient to lay a foundation for business records produced and maintained by her employer (see generally CPLR 4518[a]; People v Kennedy, 68 NY2d 569, 579-580). However, the plaintiff failed to submit the business records upon which the loan servicer relied in making her statements regarding the defendants' default. Thus, the loan servicer's assertions as to the contents of the records are "inadmissible hearsay to the extent that the records she purport[ed] to describe were not submitted with her affidavit" (U.S. Bank N.A. v 22 S. Madison, LLC, 170 AD3d 772, 774; Great Am. Ins. Co. v. Auto Mkt. of Jamaica, N.Y., 133 AD3d 631, 632-633). Since the loan servicer's affidavit was the only evidence of default proffered in support of the motion, the plaintiff failed to establish that element of its prima facie case.
The plaintiff also failed to proffer evidence establishing its compliance with the notice requirements of RPAPL 1304. RPAPL 1304(1) provides that, "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower . . . , including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." The statute further provides the required content for the notice and that the notice must be sent by registered or certified mail and also by first-class mail to the last known address of the borrower (see RPAPL 1304[2]). Strict compliance with RPAPL 1304 notice to the borrower or [*3]borrowers is a condition precedent to the commencement of a foreclosure action (see Wells Fargo Bank, NA v Mandrin, 160 AD3d 1014, 1015-1016).
Here, although the plaintiff submitted copies of the 90-day notices purportedly sent to the defendants, the plaintiff failed to submit an affidavit of service or other proof of mailing by the post office establishing that it properly served the defendants by registered or certified mail and first-class mail to the last known address of the defendants pursuant to RPAPL 1304. The loan servicer's unsubstantiated and conclusory statement in her affidavit that "[o]n May 16, 2013, a 90 day default letter was sent in accordance with New York RPAPL 1304" is insufficient to establish that the notice was actually mailed to the defendants by first-class and certified mail (see Wells Fargo Bank, NA v Mandrin, 160 AD3d at 1016), in accordance with RPAPL 1304. Since the plaintiff failed to provide evidence of the actual mailing, or evidence of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure, the plaintiff also failed to establish its strict compliance with RPAPL 1304 (see Citibank, N.A. v Conti-Scheurer, 172 AD3d 17; Bank of Am., N.A. v Bittle, 168 AD3d at 658).
The plaintiff's remaining contentions are without merit.
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' answer, and for an order of reference, regardless of the sufficiency of the opposing papers (see Bank of Am., N.A. v Bittle, 168 AD3d at 658; Wells Fargo Bank, N.A. v Lewczuk, 153 AD3d at 892).
CHAMBERS, J.P., ROMAN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court