LNV Corp. v Allison (2022 NY Slip Op 03716)

LNV Corp. v Allison

2022 NY Slip Op 03716

Decided on June 8, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
SHERI S. ROMAN
LARA J. GENOVESI
WILLIAM G. FORD, JJ.

2017-04597
2017-04602
 (Index No. 2584/15)

[*1]LNV Corporation, respondent, 
v
Robert Allison, appellant, et al., defendants.

R. David Marquez, P.C., Mineola, NY, for appellant.
Stein, Wiener & Roth, LLP, Carle Place, NY (Mojdeh Malekan and Edward Wiener of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Robert Allison appeals from two orders of the Supreme Court, Nassau County (Thomas A. Adams, J.), both dated January 19, 2017. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike his answer, and for an order of reference, and denied that defendant's cross motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him. The second order, insofar as appealed from, granted those same branches of the plaintiff's motion and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the first order is modified, on the law, by deleting the provisions thereof granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Robert Allison, to strike that defendant's answer, and for an order of reference, and substituting therefor provisions denying those branches of the motion; as so modified, the first order is affirmed insofar as appealed from, and so much of the second order as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Robert Allison, to strike that defendant's answer, and for an order of reference, and appointed a referee to compute the amount due to the plaintiff, is vacated; and it is further,
ORDERED that the appeal from the second order is dismissed as academic in light of our determination on the appeal from the first order; and it is further,
ORDERED that one bill of costs is awarded to the appellant.
The plaintiff commenced this action against the defendant Robert Allison (hereinafter the defendant), among others, to foreclose a mortgage on real property in Roosevelt. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference. The defendant opposed the motion, contending, among other things, that the plaintiff failed to establish standing, and cross-moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him, contending that [*2]the plaintiff failed to strictly comply with RPAPL 1304. The Supreme Court, inter alia, granted those branches of the plaintiff's motion and denied the defendant's cross motion. The defendant appeals.
"Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (LNV Corp. v Sofer, 171 AD3d 1033, 1035 [internal quotation marks omitted]). However, "where, as here, the plaintiff's standing has been placed in issue by a defendant's answer, the plaintiff must prove its standing as part of its prima facie showing" (Nationstar Mtge., LLC v Shivers, 179 AD3d 931, 932).
"A plaintiff has standing to commence a foreclosure action where it is the holder or assignee of the underlying note, either by physical delivery or execution of a written assignment prior to the commencement of the action with the filing of the complaint" (Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 868; see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362). "Where there is no allonge or note that is either endorsed in blank or specially endorsed to the plaintiff, mere physical possession of a note at the commencement of a foreclosure action is insufficient to confer standing or to make a plaintiff the lawful holder of a negotiable instrument for the purposes of enforcing the note" (U.S. Bank N.A. v Moulton, 179 AD3d 734, 737). Here, a special endorsement to the plaintiff appears on a separate, undated allonge. Accordingly, the plaintiff was required to establish both that it physically possessed the note with an allonge at the time that this action was commenced and that the allonge was firmly affixed to the note (see id. at 737).
The plaintiff established that it had standing through the affidavit of Julia Green, the vice president of CLMG Corp., the document custodian for the plaintiff. Green affirmed that the plaintiff obtained physical possession of the original note, with the allonge firmly affixed thereto, on June 26, 2008, and was in possession of the note at the time of the commencement of the action (see LNV Corp. v Sofer, 171 AD3d at 1035). In opposition, the defendant failed to raise a triable issue of fact.
However, we agree with the defendant that the plaintiff failed to establish, prima facie, that it strictly complied with RPAPL 1304. Pursuant to RPAPL 1304, at least 90 days before commencement of an action to foreclose a mortgage on a home loan, a specified notice must be sent by registered or certified mail and also by first-class mail to the last known address of the borrower (see id. § 1304[1], [2]). "Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (Deutsche Bank Natl. Trust Co. v Dennis, 181 AD3d 864, 866 [citations and internal quotation marks omitted]). Proof of the requisite mailing can be established with "proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 21 [internal quotation marks omitted]; see LNV Corp. v Sofer, 171 AD3d at 1036).
Here, although the plaintiff submitted a certified mail receipt, the receipt did not contain a postal stamp, indication that postage was paid, or an attendant signature, and the plaintiff did not submit any United States Postal Service tracking information (cf. Ditech Fin., LLC v Naidu, 198 AD3d 611, 614). The affidavit of Nancy Sczubleski, submitted by the plaintiff for the first time in opposition to the defendant's cross motion, also failed to establish strict compliance with RPAPL 1304. Sczubleski did not have personal knowledge of the purported mailing (see Citibank, N.A. v Conti-Scheurer, 172 AD3d at 20-21; LNV Corp. v Sofer, 171 AD3d at 1037). Furthermore, while Sczubleski averred that she was familiar with the plaintiff's mailing practices and procedures, the notices submitted by the plaintiff in support of its motion for summary judgment indicate that they were not mailed by the plaintiff, but rather were mailed by an entity known as MGC Mortgage, Inc. (hereinafter MGC). Sczubleski, who stated in her affidavit that she was employed by Dovenmuehle Mortgage, Inc., a sub-servicer of the loan, does not address this fact at all, let alone demonstrate that she was familiar with MGC's mailing practices and procedures (see Citibank, N.A. v Conti-Scheurer, [*3]172 AD3d at 20-21; LNV Corp. v Sofer, 171 AD3d at 1037).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference, without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med Ctr., 64 NY2d 851, 853).
The defendant also failed to meet his burden on his cross motion to establish that the plaintiff failed to comply with the requirements of RPAPL 1304. "A motion to dismiss a complaint pursuant to CPLR 3211(a)(1) may be granted only if the documentary evidence submitted by the moving party utterly refutes the factual allegations of the complaint and conclusively establishes a defense to the claims as a matter of law" (Marinelli v Sullivan Papain Block McGrath & Cannavo, P.C., _____ AD3d _____, _____, 2022 NY Slip Op 02994, *1 [2d Dept]). Here, the bare denial of receipt of a RPAPL 1304 notice, without more, as set forth in the defendant's affidavit, was insufficient to meet this burden (see Christiana Trust v Moneta, 186 AD3d 1604, 1607; Citibank, N.A. v Conti-Scheurer, 172 AD3d 17).
Accordingly, the Supreme Court properly denied the defendant's cross motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him.
The defendant's remaining contention regarding RPAPL 1304 is raised for the first time on appeal, and we decline to consider it (see Wells Fargo Bank v Islam, 174 AD3d 670, 671-672).
IANNACCI, J.P., ROMAN, GENOVESI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court