U.S. Bank N.A. v Chrismas-Beck (2023 NY Slip Op 04150)

U.S. Bank N.A. v Chrismas-Beck

2023 NY Slip Op 04150

Decided on August 2, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 2, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
WILLIAM G. FORD
HELEN VOUTSINAS, JJ.

2020-06649
 (Index No. 714572/17)

[*1]U.S. Bank National Association, etc., appellant- respondent, 
v
Samantha Chrismas-Beck, etc., respondent-appellant, et al., defendants.

Woods Oviatt Gilman, LLP (J. Robbin Law, Armonk, NY [Jacquelyn A. DiCicco and Jonathan M. Robbin], of counsel), for appellant-respondent.
Mobilization for Justice, Inc., New York, NY (McKenzie Lew, Tiffany Liston, and Christopher Fasano of counsel), for respondent-appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals, and the defendant Samantha Chrismas-Beck cross-appeals, from an order of the Supreme Court, Queens County (Pam B. Jackman-Brown, J.), dated March 3, 2020. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike that defendant's affirmative defense alleging lack of standing, and for an order of reference. The order, insofar as cross-appealed from, granted that branch of the plaintiff's motion which was to strike that defendant's affirmative defense alleging noncompliance with RPAPL 1304.
ORDERED that the order is affirmed insofar as appealed from; and it is further,
ORDERED that the order is reversed insofar as cross-appealed from, on the law, and that branch of the plaintiff's motion which was to strike that defendant's affirmative defense alleging noncompliance with RPAPL 1304 is denied; and it is further,
ORDERED that one bill of costs is awarded to the defendant Samantha Chrismas-Beck.
On January 25, 2007, the defendant Samantha Chrismas-Beck (hereinafter the defendant), executed a note in the amount of $400,500 in favor of nonparty Concord Mortgage Corp. (hereinafter Concord). The note was secured by a mortgage on certain real property located in Queens.
In October 2017, the plaintiff, Concord's purported successor-in-interest, commenced the instant action to foreclose the mortgage against the defendant, among others. The plaintiff attached a copy of the note to the complaint. The note was followed by an undated allonge, identifying the defendant as the borrower and stating the amount of the note, and endorsing the note from nonparty DLJ Mortgage Capital, Inc., in blank. That allonge was followed by a second undated allonge, which also identified the defendant as the borrower and stated the amount of the note, and [*2]which endorsed the note from Concord in blank.
In her answer, the defendant alleged, inter alia, that the plaintiff lacked standing and failed to comply with RPAPL 1304.
In March 2019, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's affirmative defenses alleging lack of standing and noncompliance with RPAPL 1304, and for an order of reference. In an order dated March 3, 2020, the Supreme Court, inter alia, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's affirmative defense alleging lack of standing, and for an order of reference, but granted that branch of the plaintiff's motion which was to strike the defendant's affirmative defense alleging noncompliance with RPAPL 1304. The plaintiff appeals, and the defendant cross-appeals.
The Supreme Court properly denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. "In order to establish prima facie entitlement to judgment as a matter of law in a foreclosure action, a plaintiff must submit the mortgage and unpaid note, along with evidence of the default" (Zarabi v Movahedian, 136 AD3d 895, 895; see Caliber Home Loans, Inc. v Weinstein, 197 AD3d 1232, 1236).
Here, the plaintiff submitted an affidavit of Alfreda Johnson, an employee of Fay Servicing, LLC, attorney-in-fact for the plaintiff, which set forth that "[t]here is a default under the terms and conditions of the Promissory Note and Mortgage because the June 1, 2012 payment has not been made. To date, the default has not been cured." However, "it is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted" (Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 205; see U.S. Bank N.A. v Kahn Prop. Owner, LLC, 206 AD3d 850, 851). An affiant's assertion regarding the defendant's default, without the business records upon which he or she relied in making such an assertion, constitutes inadmissible hearsay (see U.S. Bank N.A. v Kahn Prop. Owner, LLC, 206 AD3d at 851). Here, Johnson failed to attach the business records upon which she relied, and, thus, the Supreme Court properly concluded that her statement was inadmissible hearsay.
The Supreme Court also correctly denied that branch of the plaintiff's motion which was to strike the defendant's affirmative defense alleging lack of standing. A plaintiff has standing to maintain a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362). The plaintiff can establish standing by attaching the properly endorsed note to the complaint when commencing the action (see U.S. Bank N.A. v Hadar, 206 AD3d 688, 689; Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725, 726). Where an endorsement is on an allonge to the note, the plaintiff must establish pursuant to UCC 3-202(2) that the allonge was "so firmly affixed thereto as to become a part thereof" at the time the action was commenced (see U.S. Bank N.A. v Moulton, 179 AD3d 734, 737). "Where there is no allonge or note that is either endorsed in blank or specially endorsed to the plaintiff, mere physical possession of a note at the commencement of a foreclosure action is insufficient to confer standing or to make a plaintiff the lawful holder of a negotiable instrument for the purposes of enforcing the note" (id. at 737). Here, although the plaintiff attached the note to the complaint, the plaintiff submitted no evidence to establish that the allonges to the note were firmly affixed thereto at the time this action was commenced (see HSBC Bank USA, N.A. v Herod, 203 AD3d 805; Nationstar Mtge., LLC v Calomarde, 201 AD3d 940, 942).
However, the Supreme Court erred in granting that branch of the plaintiff's motion which was to strike the defendant's affirmative defense alleging noncompliance with RPAPL 1304. RPAPL 1304(1) provides that "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." "[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement [*3]of a residential foreclosure action" (U.S. Bank Trust, N.A. v Mohammed, 197 AD3d 1205, 1207 [internal quotation marks omitted]; see Deutsche Bank Natl. Trust Co. v LoPresti, 203 AD3d 883, 884).
On December 20, 2016, the legislature amended RPAPL 1304 to change the language required in the 90-day notice (see L 2016, ch 73, part Q, § 6 [eff Dec. 20, 2016]). Among other changes, the amendment changed the opening language from "YOU COULD LOSE YOUR HOME" to "YOU MAY BE AT RISK OF FORECLOSURE" (id.). The amendment also added the language: "IMPORTANT: You have the right to remain in your home until you receive a court order telling you to leave the property. If a foreclosure action is filed against you in court, you still have the right to remain in the home until a court orders you to leave. You legally remain the owner of and are responsible for the property until the property is sold by you or by order of the court at the conclusion of any foreclosure proceedings. This notice is not an eviction notice, and a foreclosure action has not yet been commenced against you" (id.). This language was required in the version of the statute in effect at the time this action was commenced (see RPAPL 1304, L 2018, ch 58, part HH, §§ 1, 5 [eff April 12, 2018, deemed eff April 20, 2017]), and is required in the current version of the statute (see RPAPL 1304, L 2018, ch 58, part HH, §§ 3, 4 [eff May 12, 2018]).
The 90-day notice sent to the defendant by the plaintiff in this case used the pre-2016 amendment language (see RPAPL 1304, L 2012, ch 155, § 84 [eff July 18, 2012]). The notice is dated November 30, 2016—20 days prior to the 2016 amendment taking effect.
Although the language in the 90-day notice sent to the defendant complied with the language of RPAPL 1304 as it existed at the time the notice was mailed, the plaintiff failed to establish that the notice complied with RPAPL 1304 as it existed at the time this action was commenced. At the time this action was commenced in October 2017, RPAPL 1304 required the plaintiff to have sent the defendant a notice—using the language required by the 2016 amendment—at least 90 days prior to the commencement of an action. The plaintiff failed to establish that it complied with this requirement. Nothing prevented the plaintiff from sending the defendant a new RPAPL 1304 notice, using the updated language, 90 days prior to commencing this action. Thus, the plaintiff failed to demonstrate, prima facie, that it strictly complied with RPAPL 1304 as it existed at the time this action was commenced (see CIT Bank, N.A. v Donnatin, 2020 WL 248996, *4, 2020 US Dist LEXIS 7862, *13-14 [ED NY, No. 2:17CV02167 (ADS)(AKT)]; cf. Bayview Loan Servicing LLC v Turner, 63 Misc 3d 1230[A], 2019 NY Slip Op 50796[U] [Sup Ct, Suffolk County]).
BRATHWAITE NELSON, J.P., IANNACCI, FORD and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court