GMAT Legal Title Trust 2014-1 v Mortgage Elec. Registration Sys., Inc. (2024 NY Slip Op 00295)

GMAT Legal Title Trust 2014-1 v Mortgage Elec. Registration Sys., Inc.

2024 NY Slip Op 00295

Decided on January 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
HELEN VOUTSINAS
JANICE A. TAYLOR, JJ.

2021-06590
 (Index No. 9894/09)

[*1]GMAT Legal Title Trust 2014-1, U.S. Bank National Association, etc., respondent, 
v
Mortgage Electronic Registration Systems, Inc., etc., et al., defendants; Miss Jones, LLC, nonparty-appellant.

Hasbani & Light, New York, NY (Danielle P. Light of counsel), for nonparty-appellant.
Kosterich & Skeete, LLC, White Plains, NY (Denise Singh Skeete of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, nonparty Miss Jones, LLC, successor in interest to the defendant Mortgage Electronic Registration Systems, Inc., appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated August 6, 2021. The order, insofar as appealed from, denied those branches of the motion of nonparty Miss Jones, LLC, which were pursuant to CPLR 5015(a) to vacate an order and judgment (one paper) of the same court (Ingrid Joseph, J.) dated July 23, 2019, inter alia, granting the plaintiff's motion, among other things, to foreclose the defendants' right of redemption, and to stay the sale of the subject property.
ORDERED that the order is affirmed insofar as appealed from, with costs.
Carol Gray and Ghandi Gray (hereinafter together the borrowers) executed two notes in the principal sums of $424,800 and $106,200, respectively. The notes were secured by corresponding mortgages on certain real property located in Brooklyn (hereinafter the subject property). The borrowers delivered the mortgages to the defendant Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), as nominee for Alliance Mortgage Banking Corp. (hereinafter Alliance). By a series of assignments, the senior mortgage was assigned to Consumer Solutions, LLC (hereinafter Consumer Solutions), and the junior mortgage was assigned to nonparty Miss Jones, LLC (hereinafter Miss Jones).
Consumer Solutions commenced this action to foreclose the senior mortgage against the borrowers as well as Alliance in its capacity as the junior mortgagee, naming MERS "AS NOMINEE FOR ALLIANCE" as a defendant. In an order and judgment dated July 23, 2019, the Supreme Court, inter alia, granted the plaintiff's motion, among other things, to foreclose the defendants' right of redemption. The plaintiff subsequently discontinued this action by, among other things, serving Alliance with a copy of a notice of voluntary discontinuance.
Thereafter, Miss Jones moved, inter alia, pursuant to CPLR 5015(a) to vacate the order and judgment and to stay the sale of the subject property. The plaintiff opposed the motion. [*2]By order dated August 6, 2021, the Supreme Court, among other things, denied those branches of Miss Jones's motion. Miss Jones appeals.
Contrary to its position before the Supreme Court, Miss Jones contends on appeal that those branches of its motion which were to vacate the order and judgment and to stay the sale of the subject property were academic in the first instance based on the plaintiff's voluntary discontinuance of this action, which in turn rendered the order and judgment a nullity. This contention is improperly raised for the first time on appeal (see LNV Corp. v Allison, 206 AD3d 710, 714; Wells Fargo Bank v Islam, 174 AD3d 670, 671).
Miss Jones's remaining contentions are without merit.
IANNACCI, J.P., GENOVESI, VOUTSINAS and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court