COURT OF APPEALS
DECISION
DATED AND FILED

May 14, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2025AP1667**

STATE OF WISCONSIN

Cir. Ct. No. 2024CV3994

IN COURT OF APPEALS
DISTRICT IV

BDS IV MORTGAGE CAPITAL LLC,

PLAINTIFF-RESPONDENT,

V.

4713 COTTAGE GROVE ROAD MADISON LLC,

DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Dane County: STEPHEN E. EHLKE, Judge. *Reversed and cause remanded with directions*.

Before Blanchard, Kloppenburg, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. 4713 Cottage Grove Road Madison LLC (Borrower) appeals a summary judgment and judgment of foreclosure entered in favor of BDS IV Mortgage Capital LLC (BDS). Borrower argues that BDS's summary judgment submissions show that, under the applicable New York law, BDS lacks standing to bring this foreclosure action and, therefore, BDS fails to establish a prima facie case for foreclosure. Accordingly, Borrower argues, BDS is not entitled to summary judgment and its foreclosure action must be dismissed. We conclude that BDS has failed to establish a prima facie case for standing, and, accordingly, we reverse and remand with directions for the circuit court to enter summary judgment in favor of Borrower dismissing this foreclosure action.

## BACKGROUND

¶2 In December 2024, BDS filed a complaint against Borrower alleging breach of contract or, in the alternative, unjust enrichment, based on Borrower's failure to perform its obligations under a loan agreement. The complaint sought foreclosure and sale of certain real property located in Dane County, Wisconsin (the subject property), a deficiency judgment, and replevin of certain personal property assets of Borrower (the personal property collateral). In its answer to the complaint, Borrower asserted lack of standing as an affirmative defense.

¶3 The complaint alleges, and Borrower does not dispute, the following facts. On September 29, 2021, Borrower executed and delivered a promissory note (the note) in the amount of $17,200,000 to BDS IV Mortgage Capital W LLC (the original lender). The note evidences a loan made pursuant to a loan agreement between Borrower and the original lender, executed on the same day. Borrower also executed and delivered to the original lender a "Mortgage, Assignment of Leases and Rents, Security Agreement and Fixture Filing" (the

2

mortgage) to secure the note. The mortgage granted the original lender a security interest in the subject property, the fixtures on the subject property, and the personal property collateral.

¶4      Pursuant to the terms of the loan agreement, the outstanding principal balance of the loan and all accrued interest was due to be repaid on the maturity date of October 1, 2024. Borrower did not pay the outstanding indebtedness on that maturity date. A forbearance agreement extended the maturity date to November 1, 2024. Borrower also failed to pay the outstanding indebtedness on the new maturity date. BDS sent Borrower a notice of default on November 12, 2024.

¶5      Copies of the note, loan agreement, mortgage, and three assignments of the mortgage are attached as exhibits to the complaint.

¶6      Contained within one exhibit is a first assignment of the mortgage, with an effective date of December 2, 2021, which purports to assign the mortgage from the original lender to BDS IV Loan Seller LLC. This exhibit also includes another document titled "Allonge." The purported allonge provides: "ALLONGE to that certain Promissory Note dated as of September 29, 2021 in the principal amount of $17,200,000.00, executed by [Borrower], … payable to the order of [the original lender]…. Pay to the order of BDS IV Loan Seller LLC." The assignment of the mortgage and the purported allonge are both signed by Jeehae Lee, as a director for the original lender.

¶7      Within another exhibit is a second assignment of the mortgage, also with an effective date of December 2, 2021, which purports to assign the mortgage from BDS IV Loan Seller LLC to BDS 2021-FL10 Ltd. This exhibit also includes another document titled "Allonge." The purported allonge provides: "ALLONGE

to that certain Promissory Note dated as of September 29, 2021 in the principal amount of $17,200,000.00, executed by [Borrower], … payable to the order of [the original lender]…. Pay to the order of BDS 2021-FL10 Ltd." As with the first assignment, the second assignment of the mortgage and the purported allonge are both signed by Lee, as a director for BDS IV Loan Seller LLC.

¶8 Within yet another exhibit is a third assignment of the mortgage, with an effective date of November 6, 2024, which purports to assign the mortgage from BDS 2021-FL10 Ltd. to BDS. This exhibit also includes another document titled "Allonge." The purported allonge provides: "ALLONGE to that certain Promissory Note dated as of September 29, 2021 in the principal amount of $17,200,000.00, executed by [Borrower], … payable to the order of [the original lender]…. Pay to the order of [BDS]." Like the first two, the third assignment of the mortgage and the purported allonge are both signed by Lee, as a director for BDS 2021-FL10 Ltd.

¶9 In March 2025, BDS filed a motion for summary judgment, asking that the circuit court: "declare that Borrower [is] in breach of its agreements with" BDS; "grant a judgment of foreclosure" to BDS; and "declare that [BDS] is entitled to a money judgment against Borrower for the amounts due under the [l]oan [d]ocuments." BDS also submitted multiple unsworn declarations by Lee, as a manager for BDS.[1] Borrower opposed BDS's motion, arguing that, under

---

[1] Pursuant to the Uniform Unsworn Declarations Act, "if a law of this state requires or permits use of a sworn declaration, [including an affidavit,] an unsworn declaration meeting the requirements of this section has the same effect as a sworn declaration." WIS. STAT. § 887.015(4) (2023-24). Borrower does not argue that Lee's unsworn declarations do not qualify as affidavits under this statute.

All references to the Wisconsin Statutes are to the 2023-24 version.

New York law, which must be applied according to the loan agreement's choice of law provision, BDS failed to make a prima facie case that it has standing to enforce the promissory note and mortgage.

¶10    The circuit court granted BDS's motion for summary judgment. The court determined that BDS had made an "unrebutted prima facie case that it is entitled to judgment on all of its claims." Accordingly, the court entered an order and judgment for the foreclosure of the subject property and the replevin of the personal property collateral. Borrower appeals.

## DISCUSSION

¶11    Borrower argues that BDS's submissions in support of summary judgment do not establish a prima facie case for foreclosure because, under New York law, those submissions show that BDS lacks "standing" to bring this foreclosure action. Accordingly, Borrower argues that it is entitled to summary judgment dismissing BDS's foreclosure action. We conclude that BDS has not presented any evidence to establish that they have standing or to create a material factual dispute on this issue.

¶12    We review a grant of summary judgment de novo, employing the same methodology as the circuit court. *Palisades Collection LLC v. Kalal*, 2010 WI App 38, ¶9, 324 Wis. 2d 180, 781 N.W.2d 503. A party is entitled to summary judgment if there is no genuine dispute of material fact and that party is entitled to judgment as a matter of law. WIS. STAT. § 802.08(2). A court may grant summary judgment to a party opposing summary judgment if that party is so entitled, even if that party did not move for summary judgment. § 802.08(6). "As relevant here, we first examine the moving party's submissions to determine whether they constitute a prima facie case for summary judgment." *Bank of New*

*York Mellon v. Klomsten*, 2018 WI App 25, ¶31, 381 Wis. 2d 218, 911 N.W.2d 364.

¶13    The parties agree that, pursuant to the loan agreement, New York law governs the enforceability of the note. Under New York law, "[i]n a mortgage foreclosure action, a plaintiff seeking summary judgment must demonstrate its prima facie entitlement to judgment as a matter of law by producing the mortgage, the unpaid note, and evidence of default." *U.S. Bank N.A. v. Moulton*, 116 N.Y.S.3d 86, 89 (N.Y. App. Div. 2020). When the issue of standing "has been placed in issue by the defendant's answer, 'the plaintiff must prove its standing as part of its prima facie showing on a motion for summary judgment.'" *Wells Fargo Bank, N.A. v. Mitselmakher*, 190 N.Y.S.3d 397, 399 (N.Y. App. Div. 2023) (quoted source omitted). "A plaintiff has standing to maintain a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action is commenced." *U.S. Bank N.A. v. Chrismas-Beck*, 195 N.Y.S.3d 198, 201 (N.Y. App. Div. 2023). We now consider whether BDS has established that it was either a holder or an assignee of the note at the time that it commenced this action.

¶14    *Holder.*  A holder is the person in possession of a note that is either endorsed in blank or is endorsed to the person in possession of the note. *Moulton*, 116 N.Y.S.3d at 89. "If the endorsement is not on the note itself, it must be on an allonge, which is an additional piece of paper firmly attached to a note…. [A]s long as the allonge remains firmly affixed to the note, it becomes a part of the note." *Id.* (citations omitted). If the plaintiff fails to establish that the endorsement appears on the note itself, or that an allonge bearing an endorsement is "so firmly affixed" to the note "as to become a part thereof" at the commencement of the action, the plaintiff has not established its standing as a

holder. *See* N.Y. U.C.C. § 3-202(2) (an endorsement must be "on the instrument or on a paper so firmly affixed thereto as to become a part thereof"); ***Moulton***, 116 N.Y.S.3d at 89 (to give a plaintiff standing as a holder, endorsement must be complete "at the commencement of a foreclosure action").

¶15    As stated, copies of the note and three assignments of the mortgage with purported allonges are attached to the complaint. In Lee's first declaration, submitted with the complaint, she declares, "[T]he documents identified [in the complaint] and attached thereto as exhibits are kept in [BDS's] files, in the ordinary course of business, relating to this matter." She also declares, "The documents referenced and/or attached to … the Complaint are the records of [BDS], and I am the custodian of record for these documents."

¶16    In Lee's third declaration, submitted to the circuit court with BDS's reply brief in support of its motion for summary judgment, she declares:

> When originating the Note and signing the Allonges, I, on behalf of the various note holders/transferors, followed the same procedure. I would start with a standard form allonge and then sign the allonge on behalf of the relevant holder/transferor. The wet-ink, signed version of the allonge would be placed in a file cabinet in our offices along with the original Loan Documents and subsequent amendments, if any. Such Loan Documents have been stored in the same folder in the file cabinet in our offices since they were signed by the Borrower and delivered to us following the closing and funding of the underlying loan.
>
> ….
>
> I affixed the Allonges to the Note in my capacity as the Manager for [the original lender], BDS IV Loan Seller LLC, and BDS 2021-FL10 LTD. by stapling the Allonges seriatim to the original "wet ink" Note.

¶17    We pause to note that this last sentence, in which Lee declares that she affixed the allonges "seriatim" to the original note, contains no reference to the

timing of this alleged affixing, leaving unestablished that this occurred before the complaint in this action was filed.

¶18    We conclude that BDS's summary judgment submissions do not establish that it was the holder of the note at the time that it commenced this foreclosure action in December 2024. *See Moulton*, 116 N.Y.S.3d at 89 (requiring that for a party to establish standing as a holder of a note, the party must establish either that it has possession of the note endorsed in blank or to the party seeking to enforce the note, or that it has possession of the note with allonges endorsing the note firmly affixed to the note at the time the action was commenced). The copy of the note attached to the complaint does not bear any endorsements. Nor has BDS presented any evidence to establish that it affixed the allonges to the note before it commenced this action or to create a factual dispute as to whether it did so. Our review of the record establishes as undisputed that it did not.

¶19    BDS effectively concedes that our conclusion based on our review of the summary judgment record is correct. BDS did not argue in the circuit court, and does not argue on appeal, that the allonges were affixed to the original note at the time of filing. To the contrary, BDS asserts on appeal that, "BDS affixed the Allonges to the Note after Borrower raised the issue of holder status in response to BDS's motion for summary judgment." Affixation after commencement is insufficient to confer standing to foreclose. *See Thompson v. Seay*, 199 N.Y.S.3d 685, 687 (N.Y. App. Div. 2023) (when an endorsement is on a purported allonge not firmly affixed to the note at the time the plaintiff commenced the action, that is "'insufficient to confer standing … for the purposes of enforcing the note'" (quoted source omitted)). Accordingly, BDS has failed to establish that it has

standing as a holder of the note. This brings us to the issue of whether it has standing as an assignee.

¶20 *Assignee.* There are two ways to become an assignee of a note: by written assignment of the note or, under "certain circumstances," by physical delivery of the note. ***Bank of New York v. Silverberg***, 926 N.Y.S.2d 532, 537 (N.Y. App. Div. 2011); ***Aurora Loan Servs., LLC v. Taylor***, 34 N.E.3d 363, 365 (N.Y. 2015). "'No special form or language is necessary to effect [a written] assignment as long as the language shows the intention of the owner of a right to transfer it.'" ***Silverberg***, 926 N.Y.S.2d at 537 (quoted source omitted). But, without such language directed toward the note itself, assignment of the mortgage alone is insufficient to assign the note and confer standing to foreclose. *See **Deutsche Bank Nat'l Tr. Co. v. Romano***, 48 N.Y.S.3d 237, 239 (N.Y. App. Div. 2017) ("'the transfer of the mortgage without the debt is a nullity, and no interest is acquired by it'" (quoted source omitted)). However, "[t]he physical delivery of the note to the plaintiff from its owner prior to commencement of a foreclosure action may, *in certain circumstances*, be sufficient to transfer the mortgage obligation and create standing to foreclose." ***Taylor***, 34 N.E.3d at 365 (emphasis added).

¶21 We pause to note that the vague phrase "in certain circumstances" is not explained in ***Taylor***, nor have the parties in this appeal offered any explanation of what it means.

¶22 BDS has not established that it has standing as an assignee of the note by written assignment because the assignments of mortgage attached to the complaint do not evidence intent to assign the note. An assignment of mortgage may assign the note if the language of the assignment conveys the owner's intent

9

to include the note in the assignment. *See* ***2 Cap Invs., LLC v. Frog Invs., LLC***, 233 N.Y.S.3d 52, 53 (N.Y. App. Div. 2025) (plaintiff established standing by submitting written assignment of mortgage that stated it assigned the mortgage "together with the note or obligation described in said mortgage"); ***Romano***, 48 N.Y.S.3d at 239-40 (plaintiff established standing by submitting written assignment of mortgage that stated that it "transferred 'all moneys now owing or that may hereafter become due or owing in respect thereof, and the full benefit of all the powers and of all the covenants and provisos therein contained'"); ***Chase Home Fin., LLC v. Miciotta***, 956 N.Y.S.2d 271, 272-73 (N.Y. App. Div. 2012) (plaintiff established standing by submitting two written assignments of mortgage that stated, respectively: "that it assigns the mortgage, 'together with all rights therein and thereto, all liens created or secured thereby, all obligations therein described, the money due and to become due thereon with interest'"; and that it "transfers the identified mortgage 'and all indebtedness secured thereby,' specifically noting that the mortgage was 'given to secure the payment of a promissory note'").

¶23    Here, the three assignments of the mortgage that were attached to the complaint all contain the following pertinent language: that the assignor

> hereby assigns, sells, transfers and delivers to [the assignee] … all right, title and interest of Assignor, in and to that certain [mortgage] … securing payment of note(s) … in the principal amount of $17,200,000.00, and creating a lien on the [subject] property … [t]ogether with any and all other liens, privileges, security interests, rights, entitlements, equities, claims and demands as to which Assignor hereunder possesses or to which Assignor is otherwise entitled as additional security for the payment of the notes and other obligations described herein.

This language clearly shows the intention of the assignor to transfer the mortgage, as well as to transfer a substantial list of rights and claims that may serve as

security for the note. However, the language does not indicate an intention to assign the note itself, either through use of the word "note" or any other word or phrase that conveys the idea of the note or the debt it represents. The assignment must evidence intent to assign the underlying debt shown by the note. *See, e.g.*, *Miciotta*, 956 N.Y.S.2d at 273 (language must be broad enough to transfer the interest in "the underlying debt secured by the note"). Unlike the assignments of the mortgages in *Frog Investments*, *Romano*, and *Miciotta*, quoted above, the assignments of mortgage in this case do not assign the "note," "obligation," "moneys … owing," "money due," or "indebtedness." *See Frog Invs.*, 233 N.Y.S.3d at 53; *Romano*, 48 N.Y.S.3d at 239-40; *Miciotta*, 956 N.Y.S.2d at 272-73.

¶24    BDS has also not established that it became an assignee by physical delivery of the note before it commenced this foreclosure action. To repeat, the New York Court of Appeals has stated that "[t]he physical delivery of the note to the plaintiff from its owner prior to commencement of a foreclosure action may, *in certain circumstances*, be sufficient to transfer the mortgage obligation and create standing to foreclose." *Taylor*, 34 N.E.3d at 365 (emphasis added). In that case, the court concluded that the plaintiff had standing to pursue a foreclosure action based on the physical delivery of the note as well as the authority granted to the plaintiff under a "master servicing assignment and assumption agreement" and a limited power of attorney. *Id.* at 364-66. As noted above, *Taylor* itself does not provide a clue as to what "in certain circumstances" could mean, and our limited research has not revealed a subsequent New York Court of Appeals case that has explained a "certain circumstance" in which physical delivery of a note has sufficed to grant standing.

11

¶25    Many New York appellate division cases state the general rule that when "there is no allonge or note that is either endorsed in blank or specially endorsed to the plaintiff, mere physical possession of a note at the commencement of a foreclosure action is insufficient to confer standing … for the purposes of enforcing the note." *See, e.g.*, *Moulton*, 116 N.Y.S.3d at 89; *U.S. Bank N.A. v. Duvivier*, 192 N.Y.S.3d 196, 198 (N.Y. App. Div. 2023) (quoting *Moulton*); *Chrismas-Beck*, 195 N.Y.S.3d at 201 (same).   Other cases state that physical delivery is sufficient to confer standing.  But in those cases, courts have typically concluded that standing has been established based on the plaintiff's status as a holder, not as an assignee: that is, based on the plaintiff's possession of a note that has been endorsed, either in blank or specially to the plaintiff.  *See, e.g.*, *Deutsche Bank Nat'l Tr. Co. v. Whalen*, 969 N.Y.S.2d 82, 84 (N.Y. App. Div. 2013) (plaintiff "established its standing as the *holder* of the note and mortgage by physical delivery" (emphasis added)); *Kondaur Cap. Corp. v. McCary*, 981 N.Y.S.2d 547, 548 (N.Y. App. Div. 2014) (same); *Nationstar Mortg., LLC v. Shivers*, 114 N.Y.S.3d 242, 244 (N.Y. App. Div. 2020) (plaintiff established its standing "by demonstrating that the original note was in its possession when it commenced the action, as evidenced by the attachment of a copy of the original note, *endorsed in blank*, to the … complaint" (emphasis added)); *Bank of Am. N.A. v. Masri*, 71 N.Y.S.3d 545, 546-47 (N.Y. App. Div. 2018) (plaintiff established its standing by submitting an affidavit averring that "JPMorgan Chase held the original note on behalf of the plaintiff" after it was delivered before commencement of the action, "and that two allonges were affixed to the note").

¶26    More specifically pertinent here, a number of cases have clarified that neither physical possession of a note without an endorsement in blank or to the plaintiff on the note, nor physical possession of a note and a purported allonge

endorsed in blank or to the plaintiff that is not firmly affixed to the note, is sufficient to confer standing. *See, e.g.*, ***Deutsche Bank Nat'l Tr. Co. v. PJK Holdings, LLC***, 223 N.Y.S.3d 138, 140-41 (N.Y. App. Div. 2024) ("Although the plaintiff established … that it had possession of the original 'wet ink' note prior to commencing the instant action, the plaintiff failed to demonstrate that the note was properly endorsed…. Thus, the plaintiff failed to establish … that it had standing to enforce the mortgage…." (citations omitted)); ***LNV Corp. v. Allison***, 170 N.Y.S.3d 162, 165 (N.Y. App. Div. 2022) ("the plaintiff was required to establish both that it physically possessed the note with an allonge at the time that this action was commenced and that the allonge was firmly affixed to the note"); ***Hudson City Sav. Bank v. Ellia***, 178 N.Y.S.3d 136, 138 (N.Y. App. Div. 2022) ("plaintiff failed to establish … that it had standing to commence the action based on its annexation of the note to the … complaint, since the plaintiff did not demonstrate that the purported allonge, which was on a piece of paper completely separate from the note, was 'so firmly affixed thereto as to become a part thereof,' as required by [N.Y.] UCC 3-202(2)"); ***Mitselmakher***, 190 N.Y.S.3d at 399 (same).

¶27 Here, even if Lee's declarations suffice to show that the original note was physically delivered to BDS before it commenced this action, there is no language in either the note or the respective assignments of the mortgage that assigns the note to BDS. Further, there is no evidence that the allonges were affixed to the note in any fashion before BDS commenced this action. BDS gives us no reason to conclude that this case presents the "certain circumstances" in which physical delivery suffices to confer standing, whatever those circumstances are supposed to be under New York law. *See **Taylor***, 34 N.E.3d at 365.

¶28      We note that, in possible contradiction to the case law cited above, several New York appellate division cases use conclusory language that could suggest that the fact that a plaintiff had the note in its possession at the commencement of the action is sufficient to establish standing.  *See U.S. Bank N.A. v. Russell*, 129 N.Y.S.3d 331, 331 (N.Y. App. Div. 2020) (plaintiff had standing because it "had possession of the note before it commenced the action"); *Nationstar Mortg. LLC v. Accardo*, 70 N.Y.S.3d 846, 846 (N.Y. App. Div. 2018) ("Plaintiff established prima facie its standing to enforce the note … by attaching the note to the complaint."); *U.S. Bank N.A. v. Askew*, 27 N.Y.S.3d 856, 857 (N.Y. App. Div. 2016) (plaintiff was entitled to summary judgment despite issues of fact "as to whether the allonges are proper" because "plaintiff sufficiently demonstrated physical delivery of the note prior to commencement of the action"). But these statements are not explained, and the cases lack the factual backgrounds that would allow us to determine that, under the facts here, BDS's asserted physical possession of the note is enough to show assignment.  This leaves us to apply the cases cited earlier, which state unambiguously that standing requires either a written assignment evidencing intent to transfer the note, or physical possession of a note, along with allonges that are firmly affixed to the note at the time that a foreclosure action is commenced, and this persuades us that BDS has failed to make out a prima facie case for standing.  *See, e.g.*, *Allison*, 170 N.Y.S.3d at 165; *Ellia*, 178 N.Y.S.3d at 138.

¶29      BDS cites several federal court cases applying New York law that it argues show that possession of the note alone is sufficient.  While federal cases applying state law may be persuasive, they are not binding, and, as we have explained, we conclude that the few New York cases suggesting that possession alone is sufficient to confer standing are contradicted by an overwhelming number

of New York state cases. *See **Russell v. New York Univ.***, 246 N.E.3d 868, 879 n.6 (N.Y. 2024) (federal courts must rely on and defer to state courts' interpretation of their own statutes); ***Sue/Perior Concrete & Paving, Inc. v. Lewiston Golf Course Corp.***, 25 N.E.3d 928, 936 (N.Y. 2014) ("New York State courts are not bound by the decisions of federal courts…."). As we have explained, the rule in the New York Court of Appeals case, ***Taylor***, 34 N.E.3d at 365, that physical delivery may suffice to confer standing only "in certain circumstances," does not help BDS in this appeal, because BDS fails to give that phrase a meaning and apply that meaning to the facts here.

¶30 In sum, we conclude that BDS has failed to show that its summary judgment submissions establish a prima facie case that it has standing, either as a holder or as an assignee of the note. We also conclude that BDS has failed to present evidence to create a genuine factual dispute as to its standing. Accordingly, Borrower is entitled to summary judgment dismissing this foreclosure action.

## CONCLUSION

¶31 For the reasons explained above, we reverse and remand to the circuit court to grant summary judgment in favor of Borrower, dismissing this foreclosure action.

*By the Court.*—Judgment reversed and cause remanded with directions.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

15